OPINION of the Court, by
Ch. J. Boyxb.
This is an appeal from a judgment in ejectment. The action was commenced the 27th of May 1813. In the progress of the trial in the court below, it was proven that J. May, the ancestor of the lessors of the plaintiff, was killed in t lie month of March. 1790, The appellants thereupon moved the court to instruct the jury if they believed from the evidence in the cause that the appellants were in the possession of the land in controversy more than a year before the death of said May, and had ever since maintained the possession without interruption until the bringing of this action, that the death of said May,, and the descent of his title upon hjs heirs, who . were infants, and neither of whom has been of full age for ten years, will not prevent the operation of the statute of limitations, to bar. the said heirs of their action; but the court refused so to instruct the jury, being of opinion that notwithstanding the statute mighthave begun to run before the death of their ancestor, yet by the saying contained in the statute in favor of infants, the lessors of the plain-, tiff were allowed ten years after they respectively arrived at full age to make entry into the land in question, and consequently to bring an ejectment. To this opi-. nion of the court the appellants excepted, and the only point relied on for reversing the judgment is the incor-, reetness of that opinion.
The rule is well settled in England, that when the, statute of li mitations has begun, to run it, will continue, ⅛⅜ *44 run, so as to form a bar, notwithstanding the occurrence of infancy, coverture, or any other incapacity to sue. And were the language of the saving clause in our statute in- favor of those laboring under the disabilities of infancy, coverture, &c. the same, or of the same, import as that contained in the like clause of the English statute, the decisions of the courts of that country, though hot conclusive, would be very persuasive authority in favor of adopting the same rule in this country. But upon examination the language used in the two statutes will in this respect be found to be so essentially different, as to require a different operation. The English statute saves the right or title of entry of those who were or shall be infants, &c. at the timé when the said right or ütlejirst descended, accrued, come or fallen.” — Bac. Abr. title Limitation of Actions,- letter B. But the saving in our statute is in favor of those who were or shall be infants, &c. “ at the time when the said right or title accrued or coming to them —1 Littell 281.
From the expressions used in the saving clause of tire English statute, it obviously relates to the time when the. right Jirst accrued, and the courts of that country have therefore properly extended it only to the persons to whom the right then accrued, and not to those to whom it should afterwards come: so that on the death of a person in whose life the statute first began to run, his heir must enter within the residue of the period allowed for making the entry, although he labored under a disability at the death of Ids ancestor. But the saving in our statute evidently relates to the time when the right accrues or comes to those laboring under the disabilities therein mentioned, and not to the time when the right first accrued to those under whom they derive their right. To extend it to the latter only, would) therefore) be a plain and direct violation óf the express Words of the statute. This would be wholly unwarranted by any rule of exposition. Were the words of the statute doubtful or ambiguous, We should be inclined to adopt that construction which Would tend to suppress litigation, ánd quiet the titles of those in possession. But such is not the casé, and there is therefore no room for Construction: for it is a rule of law, as Well aS óf réasón, that tibí tmiltt est ambiguitas, ihi nulla expositio éóñtrá vétba liCéMu esU-
The opinion of the cóurt heloW wás therefore correct, and the jhdgpnSttt ⅜⅛⅜ be afirihhd With cost.