*106 OPINION of the Court, by
Ch. J. Boyle.
The first error assignetl in this case questions the correctness of *107 flie opinion of the court below in admitting to be read as evidence a.power of attorney from the plaintiff in that court to Fores Hunter, without proof of its execution — it not having been, as is alleged, so authenticated as to render it admissible without such proof.
Of this point we had at first view considerable doubt, and were inclined to think the objection fata! ; but upon a more attentive consideration, we have become convinced of tHc ei'ror of our first impressions, and the correctness of the decision of the court below.
It appears that the power of attorney was produced by the plaintiff in the court for the county of Goochland, in the state of Virginia, where he resided, and acknow-Iedged by him as Isis act and deed, which was ordered by the court to he certified. The record of this acknow-ledgmept and order is certified and attested by the clerk, with the seal of the court annexed, and the presiding magistrate certifies that he is clerk of that court, and that his attestation is in due form. This is in literal conformity with the requisitions of the act of congress prescribing the mode of authenticating the public, acts, records and judicial proceedings of the several, states, so as to make them evidence in any other. The only ground upon which we at first entertained a doubt, is, that the power did not appear to have been admitted to record. But this circumstance seems to be immaterial: for the acknowledgment and the order to certify the acknowledgment are of record ; which record being authenticated as the law requires, is admissible evidence, and necessarily and conclusively proves the execution of the power.
Judgment affirmed with costs and damages.