*33 Opinion op the Court,
by Judge Owsley.
THIS is a proceeding in a case which was formerly before this court and decided at the fall term 1821, and is reported in Littell’s Select Cases, 425.
The 'll of testator be introduced, to prove and marriage óf hi™chib56 dren.
^arceners0^ bomíg^imder a disability at the time of entry(1&rpossession of wil]1 l£f;nCl’ vent the statuteof tions from runmng againsfc all.
The act of 1796 has not in this''artief ular, by the act of is 14.
A possession before ’suit'3 brought, will bar an ac-u,e%efend’ts may not have been thus posst)s^ th^dea^h^f the ancestor °gSthj,Perst°.ns ^“er 1Dg 1_
*34 The case, in its original shape, was an ejectment, in which the demise in the declaration' was laid in the of various persons, styling themselves the heirs of John Funk, deceased. A judgment was recovered by the plaintiff in the ejectment, and that judgment was reversed by the decision of this court,
After the cause returned to the court of original jurisdiction, and on application to the court, the plaintiff was Permitted to file an amendment to his declaration, in which is contained two additional counts, containing demises in the names of persons not named in the origideclaration. Among the names of those introduced the amended declaration, are Nancy Keiger, and her husband, Frederick Keiger, and Elizabeth Bojmr and her husband, Abraham Boyer.
'Subsequent to filing the amended declaration, there no plea filed; but a jury was empannelled and sworn to try the issue joined, and returned a verdict in favor of tile plaintiff in that court, for an undivided two °f ^ie lai)d in the declaration mentioned, being the interest of Mrs. Boyer and Mrs. Keiger; and as to the residue of the trespass and ejectment the jury found for the defendants.
Bhe cour*; rendered judgment upon this verdict in favor of the plaintiff in ejectment; from which the defen dan ts, the heirs of M’lntire, have appealed to this court*
fu the progress of the trial in the circuit court, the plaintiff there introduced as evidence, the plat of a survey ma^e *n the at>sence °f the defendants, and without n°tice having been given to them. The admission of plat as evidence was objected to by the defendants; but the court permitted the surveyor to use the plat Before t[ie jury; t0 shew and explain to them the true situation of the land.
Without notice of the time of making of the survey having been given to the defendants, it would undoubte(By have been incorrect for thé court to have permitted the plat made out by a surveyor, to have been read to the jury as evidence of any fact therein contained, and if the plat had been admitted for that purpose, we should have no hesitation in saying the court erred, But, from the bill of exceptions, we understand the plat to have been used by the witness, merely for the pur- ' p0se of explaining the facts detailed by him to the jury, *35 ahd for that purpose we apprehend the plat was correctly used before the jury. .
The act of of person”upon whom the title is oast ^ey eareim]aboring under any disabilistatu^has*16 fully run against their ancestor, alj£ayS;nherit it jointly with ?thers labordifabiHty) °°-
Butunderihe 0anIesi’or dies after the statute com-right is barred, a»d it whnst laboring under dis^hfof^he £'firs t° Sue°-B saved, Butjthe right where a part only are blander tlsa 11
*35 In the further progress of the trial, the defendants objected to the admission of an authenticated copy of the will of Jacob Funk, deceased, goiiig in evidence to the jury, to prove that Mrs. Keiger and Mrs. Boyer, two of the lessors of the plaintiff, were the children of the said decedent, Funk, and were married to the persons named in the will; but their objection was overruled, and the will read in evidence.
That the will was correctly permitted to go in evidence for the purpose for which it was introduced, was in effect decided by this court in the case of Skeen, &c. vs. Fishback, 1 Marshall 357. In that case, the will of the testator was held to be competent evidence to prove that the persons therein recognized by him as his children, were such; and if so, the recognition of the testator in his will, of the marriage of his children named therein, must be evidence of the fact of marriage; for, in the general, the same grade of evidence is competent to prove the fact of marriage, that is admissible to prove heirship in a person claiming to be the child °f the deceased peison.
The next question presented for decision in this court, involves the correctness of instructions which were given by the court to the jury, at the instance of the plaintiffs.
It appears that the plaintiffs attempted to derive title ío the land in contest, as the heirs of Jacob Funk, deceased, to whom the land was patented in 1785; and after introducing the patent from the commonwealth of Yirginia to Jacob Funk, proved that Funk this life in either 1793 or 1794, and that Mrs. Keiger and Mrs. Boyer, two of the lessors in the declaration, were his children, and femes covert at the time of his death.
The defendants claim under a patent to Montgomery, junior in date to that of Funk’s, and introduced evidence conducing to prove that the persons under whom they claim, entered and became possessed of the land in contest, shortly before or after the death of Jacob Funk, (but whether before or after, the evidence is not entirely conclusive,) and have continued the possession thereof ever since.
*36 Upon this state of the evidence, the plaintiffs moved the court and obtained its instruction to the jury, that if, from the evidence, they should think that the patentee, Jacob Funk, died before M’Intire, under whom defendants claim, took actual possession of any part °f the interference between Funk’s and Montgomery’s and if they should also believe that Mrs. Boyer and Mrs. Keiger were, at the death of their father, Jacob Funk, married women, and had continued so ever since, as to their shares of said land, the statute of limitations forms no bar to their right to recover in this action.
We cannot concur in opinion with the court below, in the instructions thus given to the jury. If Mrs. Boyer and Mrs. Keiger had been the.only children to whom the title descended from Funk, it would no doubt have been correct to instruct the jury, that their right of' entry could not be barred by any possession which was afterwards, and during their coverture, acquired, though continued for any length of time, unless in the mean time their disabilities were removed. But the instructions of the court were not hypothecated upon the fact of Mrs. Boyer and Mrs. Keiger being the only children to which the title descended from Jacob Funk. The instructions evidently imply, that Funk had other children at the time of his death, and go upon the idea, that, though at the time M’Intire entered upon the land the title was held in coparcenary by Mrs. Boyer, Mrs. Keiger and other children of their father, Jacob Funk, and though, the other children may have labored under no disability, yet the coverture of Mrs. Boyer and Mrs. Keiger prevented the statute of limitations running so as to bar their right. It is obvious, however, that to bring themselves within the saving of the general statute of limitations of 1796, it is not enough that Mrs. Boyer and Mrs. Keiger were under coverture at the time M’Intire entered upon the land. Upon the decease of their ancestor, Jacob Funk, his title descended upon all his children jointly,, and to prevent the running of the statute of limitations in favor of a person afterwards entering upon the land under an adverse claim, all of those having an interest in coparcenary in the title of Funk, must be shown to have labored under some of the disabilities mentioned in the statute,1 at the time of the adverse entry, as has been repeatedly held by this court.
*37 Nor are we of opinion that the general act of limitations of 1796, has in this respect been changed by the amendatory act of the 22d of January, 1814. It evidently not intended by the legislature, in enacting the provisions contained in this latter act, to make exceptions in favor of persons not excepted out of the operation of the general statute of limitations. The term of ten years, which was allowed by the general statute for femes covert, infants, &c. to commence their action, after the removal of their disabilities, has been reduced by the act of 1814 to three years; but there is no provision contained in this latter act, which, in the opinion of the court, ought to be construed to take out of the operation of the running of the statute, joint rights, which are not within the saving of the statute of 1796.
We are also of opinion that the circuit court erred in further instructing the jury, that if they believed from the evidence, M’Intire, under whom the defendants claim, had not been possessed of the land in contest seven years before the death of the patentee, Jacob Eunk, and that if they should also believe that at the death, of the patentee, Funk, Mrs. Keiger and Mrs. Boyer were two of his heirs, and were married women, and have continued so ever since, the statute of limitations forms no bar to their right to recover in this action.
If no evidence had been introduced, conducing to shew that M’Intire and those claiming under him, had been possessed of the land in contest for twenty years before the commencement of this action, the correctness of the instructions now under consideration, would not be doubted; for, in that case, the only act of limitation which could have any bearing upon the decision, is that of the 9th of February, 1809, and that act has heretofore been held by this court not to bar the right of persons upon whom the title is cast by the operation of law, and who were at the time under any of the disabilities mentioned in the act, and still continue under those disabilities, unless the statute had fully run against their ancestor, though the persons laboring under disability, may have inherited the title jointly with others laboring under no disability.
But in this case evidence was introduced to the jury, going to prove that M’Intire and those claiming under him, had been in the adverse possession of the land in contest, for more than twenty years before the com *38 mencement of this action, and after a, possession for such a lapse of time, it is totally immaterial whether or not it was continued for more or less than seven years before the death of the ancestor of the persons asserting the title. In either case, the operation of the general statute of limitations of 1796, is precisely the same, and in both cases the statute declares the possession to be a bar to the action. We have not forgotten that it has been heretofore decided by this court, that if after the statute commences running against the ancestor, he should die before the possession is continued sufficiently long to bar his right, and the title descends upon his heirs to sue after their disability is removed, is saved by the general statute. But it has not been decided that a descent under such circumstances, to two or more, part only of whom labor under disability, prevents the running of the statute. To the contrary, to bring the case within the saving of the statute, so as to prevent its operation after it lias once begun to run against the ancestor, all of the heirs upon whom the title descends, must labor under some of the disabilities mentioned in the statute.
This court is, therefore, of opinion that the court below erred in its instructions to the jury, and that the judgment in favor of the plaintiffs in that court, must consequently be reversed with costs, the cause remanded to that court, and further proceedings there had, not inconsistent with this opinion.