## W. H. BINGHAM ET AL v. J. F. ORR ET AL.

[Abstract Kentucky Law Reporter, Vol. 2—434.]

**Deed Incompetent as Evidence.**

A deed, dated July 7, 1807, acknowledged November 11, 1808, and

recorded August 22, 1809, more than eight months after the acknowledgment, and more than eighteen months after the sealing and delivery of the deed, according to the Acts of 1785 and 1797, was not recorded in time to render a certified copy of it competent evidence.

### Statute of Limitations.

Where defendants have been in the adverse possession of land for more than fifteen years next before they were sued, and the plaintiffs were not laboring under disability when the cause of action accrued, the statute of limitations begins to run from the time the action accrues.

### APPEAL FROM WEBSTER CIRCUIT COURT.

May 5, 1881.

OPINION BY JUDGE HARGIS:

The deed from George Pickett to Randolph Lewis, of date July 7, 1807, was acknowledged November 11, 1808, and recorded August 22, 1809, more than eight months after the acknowledgment, and more than eighteen months after the sealing and delivery of the deed. According to the Acts of 1785 and 1797, it was not recorded in time to render a certified copy of it competent evidence.

The defendants had been in the adverse possession of the land for more than fifteen years next before they were sued. As the heirs and beneficiaries of a part of each class were laboring under no disability when the cause of action accrued, the statute of limitations began to run from that time. *Moore v. Calvert,* 6 Bush (Ky.) 356. There was a legal remedy in favor of the life tenant and remaindermen, for any permanent injury to the lands or act to divest them of the title thereto. *Simmons v. McKay,* 5 Bush (Ky.) 25.

The incompetency of the copy of the deed, and the statute of limitations, present conclusive reasons for *affirming* the judgment, which is done.

*J. & J. W. Rodman, Cook & Lowery, for appellants.*
*D. H. Hughes, for appellees.*