ABRAM COLLIER, ET AL. *v.* JAS. J. DAVIS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—981.]

**Adverse Possession Settles Title.**

One who receives a deed to real estate in November, 1859, enters into possession at that time and has held it uninterruptedly and adversely to the whole world from that time to January, 1875, a period of more than 15 years, has a good title.

**Disabilities of Parties—Limitations.**

If at the death of an ancestor all of his heirs are under legal disabilities they may have the time allowed after the removal of such disabilities from all to bring their action or make their entry; but if one of the heirs is not under disability at the death of the ancestor, or when the right of action accrued, the disabilities of the other heirs will not prevent the statute of limitations from running nor bring any of them within its saving.

APPEAL FROM HARRISON CIRCUIT COURT.

May 1, 1883.

OPINION BY JUDGE LEWIS:

The land in controversy in this case was purchased by Jacob Davis,

under a decree rendered in an action by *Hardin v. Morris' Heirs*
about the year 1840, but though he held possession until his death in
1851 no deed was ever made to him for the land. After his death
an action was brought by Berry, administrator of his estate, against
his widow, heirs and creditors, to settle his estate, and in 1855 and
1856 the land was sold under a judgment rendered in that action and
purchased by Rankin, the vendor of the appellants.

Rankin took possession of the land soon after his purchase but
no deed was made to him until November 8, 1859, when in pursu-
ance of an order of court rendered in the action of *Hardin v. Mor-
ris' Heirs* a deed was made to him by a commissioner in behalf of
Morris' heirs in whom the title was up to that time. It does not ap-
pear from the record upon what ground the court made the order, in
the action just referred to, for a deed to be made to the purchaser of
the land under a judgment rendered in the different action of Davis'
administrator against his heirs, nor is it material to inquire. As
James J. Davis and appellee, Lavinia Mountz, the only children and
heirs at law of Jacob Davis, deceased, were not before the court
when the judgment for the sale was rendered in the latter action,
they were not affected thereby or by the sale made to Rankin in
pursuance of it.

But from the date of the deed to him on November 8, 1859, until
this action was commenced, January 5, 1875, a period of more than
fifteen years, Rankins and the appellants who purchased different
parcels of the land from him have had the actual and continuous pos-
session of the land, claiming under and to the boundary of that deed,
and that their possession has been adverse there can be no question.

It appears that at the date of the death of Jacob Davis in 1851,
James J. Davis, one of the plaintiffs below, was thirty-seven and ap-
pellee, Lavinia Mountz, was thirty-five years of age, but the latter
was then and has ever since been a married woman. As it was
properly held by the chancellor that James J. Davis, being under no
disability when his cause of action accrued in 1859, is barred of re-
covery by lapse of time, Lavinia Mountz is alone before this court
as appellee. The only material question is whether she, being under
the disability of coverture, though of full age in 1859, is likewise
barred.

The rule settled by repeated adjudications of this court is that if
at the death of the ancestor all his heirs were under disabilities they

would have the time allowed after the removal of such disabilities from all to make their entry or bring their action. But if one of the heirs labored under no disability at the death of the ancestor, when the right of action accrued the disabilities of the other heirs do not prevent the statute from running, nor bring any of them within its saving. *Moore v. Calvert,* 6 Bush (Ky.) 356, and authorities there cited. As James J. Davis labored under no disability at either the date of his ancestor's death or when his cause of action accrued, according to that rule appellee, Lavinia Davis (now Mountz), his co-heir, is not within the saving of the statute but also barred of recovery.

Wherefore the judgment and orders of the court below must be *reversed* and cause remanded with directions to dismiss appellees' petition.

*T. P. Forman, for appellants.*