HATTIE C. CHASE v. JULIUS H. CARYL, EXECUTOR, &c., OF NELSON CHASE, DECEASED.

1.  Under the statute of the State of New York, entitled "Of the proof and recording of conveyances, and the cancellation of mortgages" (*Rev. Stat. N. Y.*, vol. I., ch. 3, *marg. p.* 706), which expressly classes mortgages on real estate as conveyances of real estate, and includes them within that term; and which provides, also, that when duly acknowledged and proved they may be read in evidence without any further proof; and which also provides that the record thereof, when duly recorded in accordance with the statutes of that state, in the office of the clerk or register of the county wherein the lands lie, or a tran-

script thereof, duly certified, may be read in evidence with like force and effect as the original, the record of a mortgage on real estate is a record within the scope and meaning of the term "records," as used in article 4, section 1, of the constitution of the United States, and it can be exemplified under the act of congress of March 27th, 1804, and read and used in evidence in the courts of this state, with the same faith and credit, and with such force and effect as is given the record by the statute of the State of New York.

2. Where evidence cumulative in its character is erroneously admitted by a trial judge in the progress of a trial, on a rule to show cause, upon review, the verdict will not be set aside, if the facts erroneously admitted are otherwise legally proved by competent evidence, and there is otherwise sufficient legal evidence to warrant the jury in finding a verdict.

3. *Quære.* Is a deposition of a party in the trial of a suit in another state, and which is incorporated in the record of that suit, competent to be read in evidence in this state in an action between the same parties as a part of the exemplified record of such suit in the other state?

On rule to show cause.

Argued at February Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE, GARRISON and LIPPINCOTT.

For the plaintiff, *Gilbert Collins.*

For the defendant, *Edward Q. Keasbey.*

The opinion of the court was delivered by

LIPPINCOTT, J.   This suit was on a bond in the penal sum of $20,00, given by Nelson H. Chase to William Dunning, dated December 1st, 1877, conditioned for the payment of the sum of $10,000 in six months from the date thereof, with interest thereon from date.   The bond was assigned by William Dunning to his daughter, Hattie E. Chase, on January 9th, 1891, and this suit was commenced by her the next day. The assignment contained a covenant that the whole of the principal sum of $10,000 was due, with interest thereon from the date of the bond, and this was the amount claimed in the bill of particulars annexed to the declaration.

The defendant pleaded *non est factum,* and payment.

The suit was by the plaintiff against the executors of her deceased husband, Nelson H. Chase, and the defence was that the bond, with an accompanying mortgage of the same date, on real estate in the city of New York, had been executed by Nelson H. Chase to Dunning as collateral security to indemnify Dunning against liability for his endorsement of two certain promissory notes of $2,600 each given by Nelson H. Chase, and that such notes had since the execution of the bond and mortgage been paid. It was contended on the trial that both the bond and mortgage were given for this purpose; that the notes had been paid, satisfied and surrendered, and that the mortgage had been canceled, and that the bond had thus become satisfied.

The evidence revealed the undisputed fact that the mortgage, which it is contended accompanied the bond, has been satisfied, canceled and discharged of record. It is also beyond dispute, upon the facts proved, as well as conceded in the case, that the promissory notes given by Chase and others, and upon which Dunning was an endorser and to secure whose endorsement it is contended the mortgage was executed, have been paid and satisfied. There is no necessity for a review of the evidence upon these points, for these conclusions are undisputed.

The plaintiff distinctly contends that the bond and accompanying mortgage, if there existed any accompanying mortgage, were not executed as such collateral security, but even if so, such security was only a part of the consideration thereof; that there were other considerations, valuable and sufficient, upon which to base a recovery for the difference between the amount of the promissory notes and the amount of the bond, and that the cancellation and discharge of the mortgage upon the notes being paid cannot affect her right of recovery of this difference. Besides, the plaintiff denies that the mortgage accompanied the bond, and claims that the bond was for a consideration entitling her to recovery thereon.

Thus the issues tried between the parties to the bond were clearly defined. Upon these issues variant and disputed evi-

dence was submitted to the jury by the trial judge. There was evidence, both positive and circumstantial, bearing upon these disputed contentions. The verdict of the jury was for the defendant.

It would appear to be useless to review the evidence. An examination of it clearly sustains, upon legal principles, the verdict of the jury upon the questions of fact submitted. Aside from the alleged errors in the admission of evidence produced on the part of the defendant, there can arise no complaint as to the instructions to the jury contained in the charge of the court. The question whether any mortgage accompanied the bond, was clearly and distinctly left to the jury for its determination. So, also, was the question of the consideration of the bond, and the purpose for which the bond and mortgage, or either of them, were executed. So, too, the question, if it was found that the mortgage accompanied the bond, whether the consideration was other than to secure Dunning against liability upon his endorsement. Every phase of fact upon which a liability of the defendant might arise was left to the determination of the jury, without any indication on the part of the judge as to the direction in which their finding should be made. Upon the instructions the jury were left to determine the consideration of the bond upon which suit was brought, and to find a verdict either for the plaintiff or for the defendant. No error of law whatever has been perceived in these instructions. It will be noted that no interest whatever was ever paid on this bond, or any sum ever paid on account of the principal of this bond, if the contention of the plaintiff be true, and suit was not commenced thereon until about thirteen years after it was due, and not till after Chase, the obligor, was dead. The trial justice notes these facts in his charge to the jury as facts along with the other evidence for the jury to consider in determining whether the bond at the time the suit was commenced represented a real obligation. This is alleged as error. It was entirely proper for him to submit to the jury the force of these facts, along with the other evidence in the case. These facts did

not debar recovery, and the jury were so instructed, but the claim was a stale one, being prosecuted after an ample opportunity had been afforded to establish it during the lifetime of the obligor. The main reliance of the plaintiff to establish liability was the evidence of Mr. Dunning, who had, undoubtedly, the day before suit was brought, assigned this bond to his daughter, the plaintiff, in order that he might be a competent witness, and besides the assignment contained a covenant that the whole amount, both principal and interest, was due thereon, and to that extent he was an interested witness, and it certainly was no error for the court to so instruct the jury, leaving, as was done, the weight, force and effect of his evidence, and the facts noted, to the uninfluenced consideration of the jury. I cannot conclude that the charge in this or in any other respect brought to the attention of this court misled the jury. Comments of a trial judge upon the facts, in order to illustrate and enforce the application of proper principles of law, if the facts are left to the jury to determine, and the comments or statement of facts are not such as to mislead the jury, do not constitute legal error.

Therefore, the conclusion reached is that the trial court correctly instructed the jury.

The bond and the assignment thereof were produced by the plaintiff and proved, and then the plaintiff rested.

In order that the defendant make out the defence claimed, it was deemed necessary, at the outset, to prove the existence of the mortgage claimed to have accompanied the bond. The defendant proved, without objection, the statute of the State of New York, in relation to the recording of the conveyance of real estate and mortgages thereon (*Rev. Stat. N. Y., vol. I., ch.* 3, *marg. p.* 706)—an act entitled " Of the proof and recording of conveyances of real estate and the cancellation of mortgages," January 1st, 1830. This statute provides for the recording of conveyances of real estate and mortgages thereon, in books in the offices of the county clerk in the several counties of the state (in New York county the register's office), after being duly acknowledged by the parties executing them

in accordance with the statutes. The statute provides that the term " conveyances," as used in the statute, shall be construed to embrace every instrument in writing by which any estate or interest in real estate is created, aliened, mortgaged or assigned, or by which the title to any real estate may be affected in law or equity, *except* last wills and testaments, leases for a term not exceeding three years, and executory contracts for the sale or purchase of land, and then provides that "every conveyance acknowledged or proved, in the manner above prescribed, by any of the officers before named, may be read in evidence without further proof thereof, and shall be entitled to be recorded," * * * and that " the record of a conveyance duly recorded, or a transcript thereof duly certified, may also be read in evidence with like force and effect as the original conveyance."

The first section of article 4 of the constitution of the United States provides that " full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state, and congress may, by general laws, prescribe the manner in which such acts and proceedings shall be proved and the effect thereof."

Under the act of congress of May 26th, 1790, such provision, in accordance with the constitution, was made, prescribing the manner in which such acts and proceedings should be proved respecting the records of the courts of the several states, but the act goes no farther. *Rev. Stat. U. S.*, ¶ 906. The act of March 27th, 1804, goes farther and prescribes the mode of proof of records that are not the records of any court. It, in substance, declares that all records and exemplifications of books which may be kept in any public office in any state or territory of the United States, or of any county subject to the jurisdiction of the United States, not appertaining to a court, shall be proved or admitted in any court or office in any other state or territory, or in any such county, by the attestation of the keeper of said records or books, and the seal of his office annexed, if there be a seal, together with a certificate of the presiding justice of the court

of the county, parish or district in which such office may be kept, or of the governor or certain other officers, and that the said attestation is in due form, and by the proper officers. There is also a provision for the authentication, by the county clerk, of the commission and qualification of the justice. This act also declares that " the said records and exemplifications, so authenticated, shall have such faith and credit given them in every court and office within the United States as they have by law or usage in the courts or offices of the state, territory or county as aforesaid from which they are taken."

As part of the evidence tending to prove the existence of the mortgage alleged to have accompanied the bond and the contents of the same, the defendant offered in evidence an exemplified copy of the mortgage as recorded in full, with the proper legal acknowledgments of execution endorsed thereon, in the register's office of the county of New York. This exemplification was admitted by the trial court, against the objection of the plaintiff, as proof going to the establishment of the existence of the mortgage. An exception was taken, and the question thus arises, that is, whether this exemplified copy of this record was legal evidence in this state. This forms the only legal question worthy of serious discussion or adjudication in the cause as to the admission of evidence.

The record copy of the mortgage was exemplified in the manner prescribed by the statute, and no objection was taken to the form of the exemplification.

This offer of the exemplified record copy of this mortgage was objected to, on the ground that the constitutional provision cited, and the act of 1804, do not apply to the " record " of a mortgage; and even if admissible as such record, it affords no proof of the existence of the mortgage; that the most it could show was that such a mortgage had been recorded in New York.

It will be observed that the statute of the State of New York provides that the record could be read in evidence with like force and effect as the original conveyance, and the conveyance, if acknowledged according to the New York statute,

could be read in evidence without further proof thereof, and it is to be further observed that this mortgage was acknowledged in accordance with the New York statute.

The question here presented is whether a copy of a mortgage, duly executed and acknowledged or proved in accordance with the laws of the State of New York, and duly recorded in accordance with the statute thereof, and which copy of the record, when certified, can be read without further proof in evidence in that state, with like force as if the original was produced and proved, is a record which, when authenticated under the act of congress referred to, can be evidence in another state, in accordance with the provisions of the constitution requiring "full faith and credit" to be given in each state to the public records and judicial proceedings of every other state.

This question cannot be intelligently determined without considering the object of statutes which required records of certain instruments to be made in public offices of the state or the counties thereof. It would appear that there was some other and more important object than that of mere notice.

I think this is well expressed in a single sentence by Chief Justice Gibson, in the case of *Brotherton* v. *Livingston*, 3 *Watts & S*. 334, when he says: "The object of recording acts is not only to give notice, but to perpetuate the writing and proof of its execution." Had notice been the only object, the common-law evidence of execution would not have been dispensed with as it has by the act of 1715 (this being a statute of Pennsylvania, similar to the statute of the State of New York), which provided that an exemplification of a recorded deed should be allowed in all courts to be as good evidence as the original.

A review of some of the cases in which this and kindred questions have been discussed may not be without some profit. It has been held that a mere registry of a mortgage is not, as such, a record evidence of its recital, but in *New Jersey Railroad and Transportation Co.* v. *Suydam*, 2 *Harr*. 25, 59, the distinction between a mere registry of a mortgage

and the record of a deed was clearly enunciated. The registry of a mortgage under the then existing registry statutes was not evidence of the recitals of the mortgage, there being no provisions in the statutes at that time for recording mortgages in full with acknowledgment and proof as provided in the case of deeds. The statute of this state passed June 7th, 1799, required that a deed of conveyance of lands, together with the acknowledgment of proofs, shall first be recorded word for word, with all interlineations and words visibly written, or erasures, &c., and the record thereof is made evidence as available in law as if the original were produced and proved, but then it must appear by the record that the acknowledgment or proof is according to the statute; if otherwise, the entries by the clerk are unauthorized and not evidence. If so recorded, then a copy of the record is evidence of the terms, covenants and conditions of the deed and of the estate thereby created. But, without a provision of the statute making it so, the record of a mortgage would not be such evidence, and the registry of an abstract of a mortgage was not, under the statutes, such a record, and a copy of it could not be used as evidence of the contents of the mortgage, but only to show, if admissible at all, that an abstract of the mortgage was registered, and, therefore, this sort of record is not competent evidence to prove an indebtedness or for any other purpose except merely to show the fact that such a mortgage has been registered, as a ground for the legal inference of notice thereof to a purchaser or subsequent encumbrancer. At common law it was certainly, in itself, no evidence at all, and if it became necessary to prove the contents of a mortgage (except in connection with the question of notice), it could only be done on a common-law principle, first by proof of loss or destruction of the original and then by evidence of its contents. *Harker* v. *Gustin,* 7 *Halst.* 42; *New Jersey Railroad and Transportation Co.* v. *Suydam,* *supra.*

The statute of the State of New Jersey now provides for the recording of a mortgage in full, and that a transcript of

such record, duly certified, shall be received in evidence in any court in this state, in the same manner and to the same effect as a record, or the transcript of a record of a deed, is received. *Rev., p.,* 706, § 18. A certified copy of a deed, under our statute, is received in evidence and is as good, effectual and available in law as if the original deed or conveyance were produced and proved. *Rev., p.* 158, § 29. A certified copy of an abstract of a mortgage shall be received as secondary evidence in any court of this state, in the same manner as the record of deeds is now received, and shall be proof of the facts therein stated. *Rev. Sup., p.* 489, § 1.

The record of a power of attorney to convey lands, recorded in the State of New York, was not evidence to establish title to lands in New Jersey. But the reason was that the record could not have been evidence in the State of New York for this purpose, and, therefore, was not good in New Jersey for that purpose. *State* v. *Engle,* 1 *Zab.* 347.

Entries in the book of a county treasurer of a county in Wisconsin were refused admission in this state upon an exemplification, but sworn copies were admitted. The entries in this case were not such as by the statute of Wisconsin were made *prima facie* evidence of the facts therein stated, and the exemplifications were refused admission on the ground that there was no proof of any provision of the law of Wisconsin showing what the effect of these entries was when offered in evidence in Wisconsin. *Condit* v. *Blackwell,* 4 *C. E. Gr.* 193, 197.

The exemplification of a deed from another state was refused admission in the State of Virginia. The reason given was that the exemplification was not in due form. *Dummond, Administrator,* v. *McGruder,* 9 *Cranch* 192.

A copy of a deed of trust from the records of the Probate Court of Alabama, where it had been recorded, was not admissible in evidence in a suit in Mississippi, without accounting for the absence of the original, there being no statute in Alabama authorizing the use of copies. The Registry acts of that state merely require the registration for the purpose of

giving notice; nor had any statute of the State of Mississippi enlarged the operation of the statute of Alabama in that state. *Griffin et ux.* v. *Reynolds,* 17 *How.* 610.

In *Russell* v. *Kearney,* 27 *Ga.* 96, an exemplified copy of a deed or instrument of a marriage settlement from another state was refused admission in the courts of Georgia. It did not appear that there was any statute in either state making copies of the record evidence.

In *Quay* v. *Eagle Fire Insurance Co., Anth.* 237, an exemplification of a registry of a mortgage in New Jersey was refused admission in the courts of New York because the statutes of New Jersey relative to the recording of mortgages contained no provision making the registry or copy thereof evidence. The mere registry was not sufficient. This was before the passage of the statute providing that a certified copy should be evidence.

In *Russell* v. *Kearney, supra,* the general rule was applied that the production of the original writing, which was a marriage settlement, must be required until an excuse has been given for the non-production. The settlement was admitted to the jury by the trial court on the idea probably that the admission was sanctioned by the act of congress of March 26th, 1790, or by the act of March 27th, 1804. But upon review it was held that neither of those acts extends to the case of the exemplification of the record of a private writing such as a deed. Such a writing, after being recorded, leaves the office of record and returns to the hands of the private owner. It is still as much an original as ever, and must therefore be better evidence of itself than the copy of the record can be. It does not appear that the statute of North Carolina provided that the record or the certified copy thereof should be received in evidence. It was merely held that the certificate of the officer in North Carolina was not sufficient to admit it in Georgia. The court did not appear to have considered the effect of a statute which provided for a record, and the objects thereof, and the admission of the exemplification of the same.

A record of a marshal's deed in Alabama is not proof in the court of the State of Georgia so as to admit the deed in evidence without proof of execution. *Papot* v. *Southwestern Railroad Co.*, 74 *Ga.* 296. This was an offer of the deed itself, it having been first recorded under the laws of Alabama, but the court held that the fact that it had been merely recorded in Alabama did not dispense with proof of its execution, and to the same effect when a mortgage was offered in *Basken* v. *Vernon*, 52 *Id.* 96. Besides it does not appear that the statute of Alabama made the copy evidence.

From these cases, which turn upon peculiar statutes, incidents and circumstances developed in each case, we turn to the examination of cases in which the question of what private instruments are or can be "records" under the provisions of the constitution in order to be the subject of exemplification, and used in evidence in other states than those in which the writing is recorded.

The object of recording acts appears to be twofold. One object is to give notice, but that is not the only object. It is not only to give notice but to perpetuate the writing and proof of execution. Had notice been the only object, then under most of these recording acts the proof of a common-law execution of a deed, mortgage or other instrument would not have been dispensed with, as it has been by these acts which provide that all exemplifications of a recorded deed shall be allowed in all courts to be as good evidence as the original. *Brotherton* v. *Livingston*, 3 *Watts & S.* 334. Statutes providing for recording in full differ very much from those relating to the mere registration of an abstract, which without the certificate of acknowledgment, the effect is only to give notice. This distinction was clearly drawn in *New Jersey Railroad and Transportation Co.* v. *Suydam*, *supra*, and at that time in this state there was no statute at all for the recording of mortgages in full.

But it is not clear that even a registered abstract of a mortgage cannot be the subject of exemplification under the act of congress, and be admitted in evidence upon any question in

relation to which such registry would be pertinent and relevant, and that it may be pertinent and relevant at times cannot be disputed.

In *Garrigues* v. *Harris,* 17 *Pa. St.* 344, it was held that the record of a mortgage of land in New Jersey, though but an abstract of the mortgage, still the record being according to the law of New Jersey it is competent evidence when authenticated according to the act of congress.

The court says that " if the claim be denied by the court, the decision is subject to be reviewed in the supreme judicial tribunal of the federal government, where the states are not regarded as foreign states and where the question must be decided as a question of domestic, and not foreign law. On questions of this character the state courts are bound by the rule of decision that governs the tribunal of review. The act of congress of March 27th, 1804, gives to this office copy the effect it would have in the courts of New Jersey, and necessarily draws into cognizance here as a question of domestic law under our government the law and usages of that state. We are required to take judicial notice that the recording of an abstract of a mortgage is all that there is enjoined, and that a certified copy of that record is competent evidence in that state. It is, therefore, competent evidence here when authenticated, as this document was, according to the act of congress." In this case the record was objected to, and it was held that even though it was only an abstract, it was a record in New Jersey, and the court must take notice of it, as a record of what it purported to contain.

In *King* v. *Mims,* 7 *Dana* 267, it was held in Kentucky that where by the laws of Virginia a deed was required to be recorded to give it validity, the production of an exemplified copy from the record was sufficient proof of the execution of the deed, the original in that case being produced but not proved.

In *Pennell* v. *Weyard,* 2 *Harr.* (*Del.*) 502, it was held that an office copy of a deed is such a record as must be authenticated under the act of congress to make it evidence.

In this last case Judge Harrington said the act of March 27th, 1804, made under the constitutional provision, does embrace records of deeds, and gives them the force of evidence everywhere, when certified, according to its forms.

An authenticated act done before a notary public in Louisiana in 1838 for the conveyance of lands, situate in the republic of Texas, may be proved by a copy authenticated under the act of congress of March 27th, 1804. *Watrous* v. *McGrew*, 16 *Tex.* 506. This doctrine was approved in *White* v. *Burnley*, 20 *How.* 235, and such a record in that case was held to be admissible on common-law principles, and also as exemplified under the act of March 27th, 1804.

An exemplified copy of a record of a power of attorney in Virginia was admitted as evidence in the courts of Kentucky. *Rochester* v. *Toler*, 4 *Bibb* 106. An authenticated copy of a will of another state is admissible. *McIntyre* v. *Funk*, 5 *Litt.* 33. An exemplified copy of a deed in Virginia admitted as evidence in the courts of Kentucky. *Litt. Sel. Cas.* 388.

An exemplification from another state is not admissible merely by the force of the statutes of such state. It must be authenticated unless there be local legislation or adjudication according to the act of congress, but when the act of congress is substantially complied with they may be received, if it appears that the registry, or record made, was in conformity with the laws of the state, which fact must be duly proved. *Whart. Ev.* 118.

In *Snyder* v. *Wise*, 10 *Barr* 157, the question was whether the record kept by a justice of the peace in his docket was within the meaning of the act of 1790, in regard to records and judicial writings, and the court said, though it was clear the document in question did not come within the description of those mentioned in the act of congress of March, 1804, as records and exemplifications of office books which may be kept in any public office in any state, these are obviously among the public writings recognized by the common law as invested with an official character, and therefore susceptible of proof by secondary means, but which are not of the nature

of judicial records or judgments. Of this kind are acts and orders of the executive of the state, the acts of the legislative bodies and journals of either branch of the legislatures, and registries kept in public offices, books which contain the official proceedings of the corporation which the public at large is concerned with, parish registers and the like. Books of enrollments of deeds, with parish registers, are among the official registers or books of a public nature which may be proved by sworn or certified copies. In short, the rule may be considered as settled that every document of a public nature which there would be any inconvenience in removing, and which the party has a right to inspect, may be proved by duly authenticated copy. The records of deeds and mortgages required to be recorded or enrolled are regarded as records within the state in which they are recorded. *Dick* v. *Balch,* 8 *Pet.* 30, 33; *New Jersey Railroad and Transportation Co.* v. *Suydam, supra.* See cases collected in *U. S. Digest* (1st series), *Vol. V., pp.* 780, 784.

A mortgage becomes a matter of record by being recorded in the county where the lands are situated, and *scire facias* may be issued from the Circuit Court of said county to foreclose it. *Alvis* v. *Morrison,* 63 *Ill.* 181.

In Massachusetts an office copy of a deed is generally admissible in evidence where the party claiming under it is not the grantee. *Ward* v. *Fuller,* 15 *Pick.* 185. Between natural persons, the production of such a copy is evidence of the execution of the deed by the person whose deed it purports to be, of its delivery, of its date and acknowledgment, and, in the absence of other evidence, of the seizin of the grantor. This involves the presumption or inference of fact that the seal was the seal of the grantor, that it was affixed by him or by his authority, that he signed his name or authorized it to be signed for him in his presence, that the certificate of the magistrate is genuine, and that the grantor was seized of the lands which the deed purports to convey. *Chamberlain* v. *Bradley,* 101 *Mass.* 188.

In Pennsylvania, in 1759, a copy of a deed enrolled in the King's Bench in England, proved before the Lord Mayor of

London to be true, was allowed to be given in evidence in Pennsylvania in support of the title to lands in that province. *Hyam* v. *Edwards*, 1 *Dall.* 1.

Under statutes 27 *Hen. VIII.*, c. 16, and 7 *Anne*, c. 20, deeds were enrolled and made matters of record. And this policy existed in this country long before statutes were enacted for recording deeds and mortgages.

In West New Jersey provision was made for record in the concessions and agreements of the proprietors in 1786 (*Leam. & Spi.* 541), and in East New Jersey it was provided for by statute in 1698 (*Leam. & Spi.* 368 ; *Den* v. *Richman*, 1 *Gr.* 43).

The system grew up with this country, and the records made in pursuance of it were necessary and familiar public records in every state of the Union. See 20 *Am. &. Eng. Encycl. L.* 528.

Copies of deeds of bargain and sale recorded under laws of the state, exemplified, are as good and competent evidence as the originals themselves. *Dick* v. *Balch, supra.*

In the State of New York, a mortgage, the execution of which has been duly acknowledged in accordance with the statute relating to such matters, is entitled to be recorded. The statute of that state to which reference has been made further provides that the mortgage may be read in evidence without further proof thereof, and that the record, or a transcript duly certified, may also be read in evidence with like force and effect as the original mortgage. This is a plain provision of the statute. It becomes a public record of that state, standing for all purposes, with as full force and effect as the original. The record, without further proof under this statute, is entitled in that state to as full credit as the original would be. A certified copy of the record has the like force and effect in evidence as the original. It is classed by the statute as a conveyance, and it not only operates as notice, but it is an instrument pertaining to, and a muniment of, title ; it is *prima facie* evidence of its existence and of the subject-matter therein contained, as between the parties to the mort-

gage and their privies. Any other holding would render the statute as to its operative effect nugatory, and it is to such records as evidence, it would seem, that the constitution refers when it declares full faith and credit shall be given to them. *Desty Fed. Const.* 230 ; *Bump Const. Dec.* 284.

Under similar statutes to that in the State of New York, the records of deeds and mortgages are treated as evidence when the question arises within the jurisdiction of the states where they are found. They are proved in evidence by the admission of certified copies ; they are not merely records, made for convenience and notice, but the record is made after due acknowledgment of execution, and the record as between the parties is made evidence of the existence, execution, the conveyance of the lands therein described, the indebtedness thereby created and the covenants and agreements therein contained, and it is reasonable to conclude that copies of such records, when duly exemplified, should be received in evidence in every other state, under the constitution and the act of congress.

The conclusion reached is that the recorded mortgage in question, an exemplified copy of the record of which was offered in evidence and admitted in this case, was such a record as is reasonably brought within the scope of the term " record " as used in article 4, section 1, of the constitution of the United States, and that there was no error in the admission of the exemplified copy of the record, as evidence of the existence of the mortgage, the record and contents thereof.

During the progress of the cause another question arose, which was much discussed upon the hearing of this rule. Upon the question of whether this mortgage was executed by Chase to Dunning as collateral security, to indemnify Dunning against liability on his endorsements of the promissory notes of Chase, the deposition of Dunning, taken in the course of a trial of a suit in partition in the State of New York and incorporated in the record of the suit, was offered in evidence and admitted against objection. The copy of the record of

the suit containing the deposition was duly exemplified under the act of congress. The declaration of Dunning at that trial, in substance, was that, upon the notes being paid, the mortgage was satisfied and would be canceled and discharged, and these declarations were considered pertinent to the question of whether both the bond and mortgage were executed only to indemnity him against the endorsements.

Now, it is not necessary here to determine whether this evidence in this partition suit was competent or not as exemplified. Had it been competent it would have been merely cumulative. The effect was two-fold, to prove the existence of the mortgage accompanying the bond, and secondly, to prove that both bond and mortgage was given only to secure him against his endorsements. Upon both these points this evidence was merely cumulative. If the facts were otherwise legally proved by competent evidence, the admission of the incompetent evidence alone would not warrant a new trial. *Tullidge* v. *Wade*, 2 *Wils.* 18; *Horford* v. *Wilson*, 1 *Taunt.* 12; *Doe* v. *Taylor*, 8 *Bing.* 561; *Prince* v. *Shepherd*, 9 *Pick.* 176; *Myers* v. *Hollingsworth*, 2 *Dutch.* 186. This evidence was merely cumulative, the fact of the declaration made at that trial by Dunning was plainly proved by parol, by several witnesses, and the evidence of these witnesses as to the declarations made by Dunning at that trial, was practically undisputed, whatever may have been the inference to be drawn therefrom, or the force and effect of the evidence, which questions were referred to the jury for their determination. Under these circumstances, if the admission of this copy of the record containing this deposition was erroneous, no injury or prejudice arose to the plaintiff. On this rule to show cause, the deposition of Dunning can be disregarded, and still the declarations of Dunning appear by undisputed evidence, and there was sufficient legal evidence to warrant the jury in finding a verdict. In fact, it is conceded by the plaintiff that such declarations were made, but it is contended that they were made under a mistake, or misapprehension, or that the inference drawn from them by the defendants is a wrong in-

ference. These questions were left squarely to the jury for their determination.

· The conclusions reached in this case, therefore, require that the rule to show cause should be discharged, with costs.