## Baker, et al. v. Belle Campbell, et al.

(Decided March 23, 1923.)

### Appeal from Powell Circuit Court.

1. Remainders—Began to Run Against Remainderman on Death of Life Tenant's Husband, who had Assigned Bond.—Where plaintiff, whose father assigned a bond for title, which had been assigned to plaintiff's mother for life with remainder to her heris, was 24 years old when his father died, his right of entry then accrued, and limitations began to run against him.

2. Ejectment—Plaintiffs Must Recover on Strength of Their Own Title.—Plaintiffs, suing to recover land, must recover, if at all, on the strength of their own title, regardless of whether or not defendants have title.

3. Adverse Possession—Ejectment—Evidence Held Insufficient to Show Title of Party Under Whom Plaintiffs Claimed or Adverse Possession for Requisite Period.—In action for land, evidence held insufficient to show that person executing bond for title under which plaintiffs claimed, had any title, or that plaintiffs and their predecessors had continuous and adverse possession for 15 years.

4. Ejectment—Title Bond From One Without Title Cannot Authorize Recovery From Persons Having Similar Claim.—Without any supporting and preceding adverse possession, title bond from one who otherwise had no title could not confer title, authorizing recovery from persons claiming under subsequent title bond from another person who likewise had no title.

C. F. SPENCER for appellants.

FLOYD BYRD, A. T. STEWART and J. D. ATKINSON for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

On January 17, 1917, the children and heirs at law of Louanne Baker filed this action against the widow and infant children of John Campbell, alleging that they were the owners of the 40 acre tract of land involved, and that the defendants were, and had been for fifteen years last past, wrongfully holding same against them, and seeking a recovery not only of the land but of rents for fifteen years. But before answer, they filed an amended petition withdrawing the alleged wrongful possession for fifteen years, and alleged in lieu thereof that the defendants "have been in possession of such land for a less period then fifteen years, and have been so in possession wrongfully and without right."

Defendants by answer denied that their possession was or had been wrongful, and claimed title to the land by adverse possession for more than fifteen years in themselves and those under whom they claim, namely, Isaac Baker, Leslie Starns, Mitchell Brewer, and John Campbell. They also pleaded that if the plaintiffs ever had any right or title to the land that same was barred by the statute of limitation, which was pleaded as a bar to recovery by plaintiffs. The pleas of adverse possession and limitation were traversed by reply.

Upon a trial, the chancellor dismissed the petition, and plaintiffs have appealed.

The facts, as we gather them from the evidence, are as follows: On February 26, 1894, Neal Spencer executed a title bond to W. H. Noble for the land, and surrendered possession of same to him; on August 9, 1894, Noble assigned the bond by written endorsement thereon, and surrendered possession of the land to Sherman Taulbee, who in turn assigned the bond in the same manner to "Louanne Baker and her heirs that she has by Isaac Baker at his death." Baker paid the consideration to Taulbee for this assignment, which is not dated, and with his wife and children moved upon the land; the wife died in 1898, and in October, 1900, Baker executed and delivered to Leslie Starns, his son-in-law, a new title bond for the land, and surrendered possession to him; on October 11, 1901, Starns assigned this bond, and surrendered possession of the land to Mitchell Brewer, who on December 9, 1901, reassigned same and surrendered possession of the land back to Starns, who on September 21, 1902, assigned the bond and delivered possession of the land to John Campbell; Campbell took possession of the land and held same until his death, and his wife and children have been in possession of same since.

Isaac Baker died shortly after he sold the land to Starns, and while he had the title bond made to his wife and children, as above indicated when he purchased the land from Taulbee, the evidence is convincing—though not without contradiction—that he, at all times, claimed the land as his own, and sold it as such.

It will be noticed that from the time Starns sold the land to John Campbell until this action was instituted, fourteen years and four months had elapsed, and we are convinced from the evidence, not only that the possession of Campbell and his wife and children was adverse to the plaintiffs during all of this time, as indeed the peti-

tion admits, but that the possession of Starns and Brewer was also adverse to them, and that the evidence sustains the claim of the defendants that the possession of themselves and those through whom they claim has been continuous and adverse for more than fifteen years before the institution of this action.

As the plaintiff A. J. Baker was twenty-four years of age when his father died in 1900 and when, at the latest, his right of entry accrued and the statute of limitation began to run against him, his cause of action was clearly barred in 1917 when this action was instituted. The evidence further shows that the plaintiffs Isaac Baker, Jr., and James Baker reached their majority more than three years before the suit was instituted, and it also results that their cause of action was clearly barred before the suit was begun. As the three daughters of Louanne Baker, Mrs. Ashley, Mrs. McClure and Mrs. Starns, were either under age or married when the cause of action accrued to them upon the death of their father in 1900, and as they have been under the disability of either infancy or coverture ever since, the statute of limitation had not begun to run against either of them, or the heirs of Mrs. Starns who died while still a covert, unless, as claimed by the defendants upon authority of Moore v. Calvert, 6 Bush 358, it ran against all having a joint right of entry because of the fact one of their number, A. J. Baker, was of age and not under any disability in 1900 when that right of entry accrued.

Whether or not this doctrine, one thoroughly established, still obtains in this state, was questioned in Pope v. Brasfield, 61 S. W. 5, but we need not now discuss or decide that proposition, since plaintiffs must recover, if at all, upon the strength of their own title, regardless of whether or not defendants have title to the land.

Assuming that the assignment of the title bond by Taulbee to Louanne Baker and her heirs would have conferred upon Mrs. Baker a life estate with remainder to her heirs if Taulbee had title to the land, as is the contention of plaintiffs, and that they may claim the benefit of the possessions of Taulbee, Noble and Neal Spencer and that of their father Isaac Baker as well, they have still failed to prove title to the land, since the combined possession of all these parties lasted only about twelve years at the most; and there is no proof that Neal Spencer had title, or how or from whom he acquired possession of the land.

The only testimony on the question is that of his brother, T. P. Spencer, to the effect that he was forty-five years old when he gave his deposition in 1919, and that when he first remembered the land one of the Harrises lived on it, and that he did not know to whom he sold it; that his father and his heirs owned it for about twenty years, as best he could remember, and that he did not know whether his father owned it at his death or not, but that he or some of his children owned it at that time; that his brother, Neal Spencer, was the last of the Spencer heirs to own it, and that he sold it to Noble.

As the sale from Neal Spencer to W. H. Noble was made in 1894, the witness at that time was but twenty years of age, and it is evident that his statement that his "father or some of his heirs owned this land for about twenty years" is not only hearsay but inaccurate, since he also stated when asked who owned the land when he first remembered it, that "one of the Harrises lived on it at that time." Besides, he does not attempt to state how his father or any of his heirs acquired possession of the land, nor does he attempt to describe in any way the character of that possession, and his mere statement that his father or some of his heirs owned it before Neal Spencer, is not nearly sufficient to prove that any of them had title to it, or even who the parties are under whom plaintiffs can claim an adverse possession prior to Neal Spencer, and even less is it sufficient to prove that plaintiffs and those under whom they claim were in continuous adverse possession of the land for a period of fifteen years, before the adverse possession of the defendants and those under whom they claim began. Without such supporting and preceding adverse possession, the title bond under which plaintiffs claim from Taulbee, who otherwise had no title, could not possibly be more effective to confer title upon them than was the title bond under which the defendants claim from Isaac Baker, who likewise was without right to confer title upon them.

We are therefore of the opinion that the court did not err in dismissing plaintiffs' petition upon the ground that they failed to prove title in themselves, and accordingly the judgment is affirmed.