*468 OPINION of the Court, by
Ch. J. BoYee.
This waá an action of assumpsit brought by the defendant in error against the plaintiffs, as administrators of Stephen Langford, deceased. The plaintiffs in error pleaded, 1st, non assumpsit, upon which issue was joined; 2d, that the action did hot accrue to the defendant in error within fi ve years next before the commencement of the suit; to which the defendant in error replied, “ that he *469 instituted suit within one year after the death of the intestate, and that five years after the action accrued had not expired at’the time'of the intestate’s death and the plaintiffs in error, rejoined, traversing the facts alleged in the replication, upon w hich issue was joined.
When a da-rute begins to run it continues to run until it operates as a complete bar — - Contra, ante 43*
£$uere, whe*, the» the aft of 1811 (4 Litt. 209) by prohibiting fait from being brought againft executors, &c. until fix months after they have qualified, ought not to^e con-ftruecT Co fuf-pend for that time the running of the fta. tute as to demands again ft dead per Tons ?
On the trial of the issues so made up, the defendant in error obtained a verdict and judgment, to reverse which this writ of error* is prosecuted.
The only point we deem 'material to be noticed, is whether the replication to the plea of the statute of limitations is sufficient or not ?
That it is not, we apprehend there can be but little doubt. It admits that the statute had begun to run before, but presupposes that by the death of the intestate, it ceased to run for one year thereafter. Hut most certainly there is no provision of the statute of limitations Which can be construed to save the running of the statute in such a case. On the contrary, it is a settled rule that when the statute begins to run, it continues to run until it operates as a complete bar. It may indeed be questionable whether the act “to amend the law respecting executors, administrators and heirs,” passed 31st January 1811, by prohibiting suit from being brought against executors, See. until six months after they have qualified, ought not to be construed to suspend for that timé the running of the statute of limitations; but the case made out by the replication is clearly not within the provision of the act, inasmuch as it does not show when the administrators qualified, or how long before the lapse of five years from the accrual of the action the intestate died. It is, therefore, not necessary for the court to determine what would be the effect of the act of 1811, in this respect,- nor are we to be understood as expressing any opinion on this point.
The replication must, therefore, be .deemed insufficient, and the issue joined thereon consequently immaterial : and as the plea of the statute of limitations is a good bar to the action, and is neither traversed nor avoided sufficiently, the verdict and judgment for the defendant in error is erroneous.
Judgment reversed, and cause remanded, that the plaintiff in the court below may have leave to reply de noto, &c. :