## Johnson v. Myer, et al.

(Decided February 11, 1916.)

### Appeal from Logan Circuit Court.

1. Joint Tenancy—Entry of One Joint Owner Inures to Benefit of All.—The entry on land of one joint owner inures to the benefit of all the owners, the legal presumption being that the entry was made according to the right of the party making it, and for the purpose merely of taking possession of his undivided interest.

2. Adverse Possession—When Amicable Will Not Become Adverse.— Where possession is in its origin amicable, it will not become adverse so as to set the statute running unless the property is, in fact, held adversely and in such a manner as to apprise the other party, or a person of ordinary prudence, that the holding is adverse.

BROWDER & BROWDER for appellant.

GEORGE S. HARDY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Affirming.

William Johnson, of Logan county, died intestate in 1850, the owner of 110 acres of land. He left surviving him four children—Judith, who married James Buchanan; William Archer Johnson, James Johnson and Martha Johnson.

Martha Johnson subsequently died, unmarried and without issue. James disappeared about the same time, and has never been heard of since. The record fails to show when Judith married Buchanan; where they subsequently lived; or when she died. The petition only shows that they are now dead, leaving two children, the plaintiffs, Alice Myer and John Buchanan, surviving them.

However, after the death of William Johnson in 1850, his son, William Archer Johnson and his family continued to live upon the farm until the death of William Archer Johnson in 1899, at the age of seventy-five. He left surviving him a widow and four children, R. U. Johnson, Henry Johnson, John Johnson and Eldon Johnson. Eldon Johnson died several years ago, leaving two children, Cecil Johnson and Samuel Johnson.

In 1912, Henry and John Johnson sold and conveyed their undivided interests in the farm to their brother, R. U. Johnson, who continued to live upon the farm, with his mother, after the death of his father, William Archer Johnson, in 1899.

R. U. Johnson's mother died in 1912; and on April 25, 1914, this action was brought by Alice Myer and John Buchanan, the surviving children and heirs-at-law of Judith Buchanan, against R. U. Johnson, Cecil Johnson, Samuel Johnson and the unknown heirs of James Johnson, for a sale of the farm upon the ground of its indivisibility, and a division of the proceeds of sale.

The defendants traversed the plaintiff's claim of ownership, and relied upon the seven years' statute, the fifteen years' statute and the thirty years' statute of limitation, in bar of plaintiffs' right to maintain the action.

The chancellor overruled the plea of limitation; sustained plaintiffs' claim of ownership; and directed a sale of the land and a division of the proceeds. From that judgment the defendants prosecute this appeal.

Whether the plea of limitation will avail appellants anything depends upon the character of their possession. If it was amicable, limitation did not run; it must have been hostile in order to put the statute in motion.

The appellants contend that before his death William Johnson had some sort of understanding or agreement with his son, William Archer Johnson, by which the latter was to have the farm in controversy, and that pursuant to that agreement William Archer Johnson took

possession of the farm and held it from 1850 until his death in 1899, adversely to the claim of all persons, including the plaintiffs.

But the proof does not sustain this allegation. Indeed, there is no competent testimony which shows anything more than the fact that William Archer Johnson occupied the land after the death of his father, until his own death in 1899; and that his son, R. U. Johnson, has since occupied the land. The record wholly fails to show any agreement, of any kind, between William Archer Johnson and his father, or any claim upon the part of William Archer Johnson or his son, R. U. Johnson, which was adverse or hostile to the claim or right of Judith Buchanan or her children. There is no attempt to show that either William Archer Johnson or R. U. Johnson ever stated to any one, much less to Judith Buchanan or her children, that he was holding the land adversely to them. On the contrary, being joint owners, William Archer Johnson and R. U. Johnson were legally within their rights in residing upon the land. Their possession was not of itself hostile to that of the plaintiffs, and carried with it no notice of adverse or hostile possession.

It is well settled that where one joint owner is in possession of the whole tract, the presumption is that he is keeping possession not only for himself, but for his cotenant, according to their respective rights. In such a case an ouster will not be presumed from the mere fact of sole possession, which is the extent of the proof in this case.

The rule is stated as follows in Gossom v. Donaldson, 18 B. M., 239, 68 Am. Dec., 723:

"The entry on land of one joint owner inures to the benefit of all the owners, the legal presumption being that the entry was made according to the right of the party making it, and for the purpose merely of taking possession of his undivided interest. In such a case the possession is not adverse to the other joint owners, and will only become so by a denial of their right, or some act or declaration inconsistent therewith of which they are apprised."

The doctrine thus announced has been expressly approved by this court in Culver v. Culver, 25 Ky. Law Rep., 296, 74 S. W., 1076; Pope v. Brassfield, 110 Ky., 135; Rose v. Ware, 115 Ky., 434, and in other cases. 1 Cyc., 1146.

That one co-tenant may oust another co-tenant by some act or declaration inconsistent with the latter's title, there can be no doubt; but, in order to thus effect an ouster, there must be some act or declaration inconsistent with the right of the excluded co-tenant, of which he must be apprised. Or, as was said in Frazier v. Morris, 161 Ky., 76: "Where a possession is in its origin amicable, it will not become adverse so as to set the statute running unless the property is, in fact, held adversely and in such a manner as to apprise the other party, or a person of ordinary prudence, that the holding is adverse. Padgett v. Decker, 145 Ky., 227, 140 S. W., 252, and cases therein cited."

The competent testimony in this case wholly fails to show any claim of ownership to the entire tract by William Archer Johnson or his son, the appellant; there is no attempt to show anything more than mere possession upon their part, which, under the rule above announced, will be presumed to have been for the benefit of all the joint owners.

Neither William Archer Johnson nor his children ever pretended to have bought the interest of the appellees; they had no deed for the interest of the appellees therein, and never claimed to have acquired that interest in any way except by prescription, which was made for the first time in answer to the petition.

Judgment affirmed.