## Henderson, et al. v. Fielder, et al.

(Decided October 24, 1919.)

### Appeal From Estill Circuit Court

1. Limitation of Actions—Interruption of Statute.—Subject to but few exceptions, when the statute of limitation begins to run against a right to enforce a cause of action, the running of the statute is not interrupted by reason of any subsequent event or condition.

2. Limitation of Actions—Death of Ancestor.—Where a cause of action, if any, accrued during the life of the ancestor, the death of the latter will not stop the running of the statute.

3. Limitation of Actions—Minority of Children.—The minority of children, or other heirs, will not arrest the statute that has begun to run, the bar being just as complete as if the ancestor had lived through the whole time of the statutory period. By the descent cast, the statuts of the heirs is not different from that of the ancestor.

4. Limitation of Actions—Action by Heirs to Set Aside Deed.—Sec. 2505, Ky. Stats., held to bar an action by heirs to set aside a deed executed more than 15 years prior to the institution of the action.

5. Limitation of Actions—Action to Set Aside Deed on Ground of Fraud.—In a suit to set aside a deed on the ground of fraud limitation begins to run from the time of the execution of the conveyance or the perpetration of the alleged fraud.

6. Limitation of Actions—Limitation Against Heirs.—Where certain heirs were living and free from disability, except that some were married or infants, the heirs take as a class and when limitation begins to run against some of them it runs against all.

MILLER & CHAPMAN for appellants.

HUGH RIDDLE and ROBT. R. FRIEND for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Appellants (plaintiffs below) are the children and heirs at law of Orthernile Henderson, and as such they

alleged they were entitled to a one-fifth interest in the real estate owned by their grandmother, Eleanor Henderson, at the time of her death in 1900.

It is alleged that other children of Eleanor Henderson sold their interests to defendants and therefore the parties are joint owners of the land in question. Defendants denied that plaintiffs had any interest in the land, and affirmatively alleged they were the sole owners of said land, alleging in an amended answer that on January 19, 1897, Eleanor Henderson sold and conveyed the land in contest to her son Joshua T. Henderson by deed recorded in November, 1900. A demurrer to this answer having been overruled the plaintiffs replied that the deed from their grandmother to Joshua T. Henderson was procured through fraud and undue influence; was without consideration and because of these facts and the infirmities of old age said instrument was not the act and deed of their grandmother and passed no title to the land.

It is also alleged that after the grandmother's death, suit was filed by some of the children to set aside the deed, but this suit was later dismissed and the children, other than the father of plaintiffs, joined in a deed to Joshua T. Henderson.

The ten and fifteen years statutes of limitations are relied upon by defendants.

The lower court dismissed the petition, and we think this judgment is correct for two reasons.

1. It is well settled, subject to few exceptions, that when limitation begins to run against the right to enforce a cause of action, the running of the statute is not interrupted by reason of any subsequent event or condition, and the death of the ancestor will not stop the running of the statute. This suit was not filed until July 9, 1912, more than fifteen years after January 19, 1897, when the deed was executed.

Sec. 2505, Ky. Stats. provides:

"An action for the recovery of real property can only be brought within fifteen years after the right to institute it first accrued to the plaintiff, or to the person through whom he claims."

The cause of action, if any, accrued during the lifetime of Eleanor Henderson, and the statute having commenced to run upon the execution of the deed, her death did not suspend or interrupt the running of the statute. The minority of the children or other heirs will

not arrest it, the bar being just as complete as if the grandmother had lived through the whole time of the statutory period of limitations—plaintiffs had no greater rights than if Eleanor Henderson had lived.

By the descent cast, the heirs were placed exactly in the shoes of their ancestor and the statute having commenced running as to her in her lifetime it continued to run without let or intermission.

The accrual of a cause of action means the right to institute and maintain a suit, and whenever one person may sue another, a cause of action has accrued and the statute begins to run.   25 Cyc. 1066.

Any cause of action to set aside the deed in question, having accrued January 19, 1897, and no suit having been brought within fifteen years thereafter the action was barred.

2.   It is sought to set aside the deed on the ground of fraud, and here again we find the statute puts an absolute bar to the maintenance of this action.

Section 2319 of the Ky. Stats. provides:

"In actions for relief from fraud or mistake, or damages for either, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake; but no such action shall be brought ten years after the time of making the contract or the perpetration of the fraud."

There is no escaping the conclusiveness of the statute.   Limitation runs from the time of the execution of the conveyance, or the perpetration of the alleged fraud. Dorsey v. Phillips, 84 Ky. 420, 1 S. W. 667.   Death of the grandmother did not interrupt the running of the statute. Castro v. Geil, &c., 110 Cal. 292, 42 Pac. 804. Besides more than ten years elapsed between the grandmother's death and the filing of the petition.

Haddix's Heirs v. Davison, 3 Mon. 39, is a case similar to the present one.   This was an attempt to set aside a deed on the ground of fraud.   And there, as here, it was shown by the heirs that at the time of their ancestor's death they were infants of tender years, and had not arrived at full age before the commencement of the suit. In discussing the point in question the court says:

"But according to the statements contained in their bill, their right to relief, if any they had, must have accrued to their ancestor in his lifetime, and of course the limitation of time must have commenced running against him, and having commenced running in his lifetime, it

must necessarily have continued to run after his death, notwithstanding the subsequent disability of the heirs."

To the same effect see Langford's Admrs. v. Gentry, 4 Bibb 468; Clark's Exr. v. Trail's Admr., 1 Metc. 35; Salve v. Ewing, 1 Duv. 271; Fox v. Hudson's Extx., 150 Ky. 115, 150 S. W. 149; Ann. Cas. 1914a, 832.

It is not disputed that in January, 1897, Orthernile Henderson, father of appellants, was dead and that his widow and children were living and free from any disability, except that some of the daughters were married and some of the children were infants. The deed was recorded in November 1900, more than ten years prior to the institution of this suit.

The children of Orthernile Henderson unquestionably took as a class and when limitation began to run against some of them it began to run against all.

In Moore, &c. v. Calvert, 6 Bush, 356, it is said:

"By a long line of adjudications it was determined under said act of 1796, that where the right of entry descended to heirs who were all within the exception, they had the time allowed after the disabilities were removed from all to begin their action; in other words, if at the death of the ancestor all his heirs were under disabilities, they would have the time allowed after the removal of such disabilities from all to make their entry or bring their suit. But if one of the heirs labored under no disability at the ancestor's death, the disability of the other heirs did not prevent the statute from running, nor bring any of them within its saving. And this principle pertained alike to joint-tenants and coparceners."

This case has been followed in a number of subsequent opinions, notably May, &c. v. C. & O. Ry. Co., 184 Ky. 493, 212 S. W. 131, wherein the court cites practically all the cases in this State on the question.

For the further reason that as certain heirs and beneficiaries of Eleanor Henderson were joint-tenants with the appellants, and were not laboring under any disability when the cause of action accrued in 1897, the action is barred.

Finding no error in the judgment appealed from same is affirmed.