## Quarels v. Bradshaw.

(Decided October 16, 1923.)

### Appeal from Allen Circuit Court.

1. Limitation of Actions—Statute Held to Run Against Minor Heir at Date of Transfer of Land by Other Heirs.—Where one died, leaving only adult children and a grandchild of tender years, and the adult children conveyed their interest in the land to another who took possession, the 15 year statute of limitations started then to run as against the infant grandchild, and not from the time the infant attained 21 years of age.

2. Tenancy in Common—Adverse Possession Under General Warranty Deed is Disseizin.—Ordinarily the exclusive possession of one joint tenant will not work a disseizin of his fellows until actual notice of his purpose to hold in severalty is brought home to them, but. if his holding is under a general warranty deed of record for the whole. estate, and is open, adverse, and exclusive, it will amount to a disseizin, which time will ripen into title.

OLIVER & DIXON for appellant.

HARPER & DENTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

About the year 1890 Mark Mayberry, then an old man, died intestate in Allen county, survived by five children and appellant, a grandchild. He was the owner of a tract of 65 acres of land in Allen county near the Tennessee line. At that time it was of little value. His children were all adults, but appellant (plaintiff below) who was an infant of tender years. Soon after the death of Mark Mayberry, four of his children, acting jointly, conveyed their undivided interest by deed to one Hamon in consideration of $300.00, and turned possession of the property over to him. After keeping the land awhile Hamon conveyed it to one Hilton by deed of general warranty and Hilton in the course of events, conveyed it to another, and so on until the land, or at least a part of it, was conveyed to appellee, Bradshaw, who was made defendant below.

Bradshaw is engaged in the oil business and had drilled several producing wells on the land at the time of the commencement of this suit. The property is now regarded as very valuable.

Appellant, Hester Quarels, is the daughter of Albert Graves. After her mother's death in 1884 or 1885 the child was permitted to live with its relatives in the neighborhood of where Mark Mayberry resided. At about the age of thirteen or fourteen Hester married one Quarels and soon thereafter moved to the state of Indiana, where she has since resided.

On the 8th of September, 1920, she filed this action in the Allen circuit court to recover a one-fifth undivided interest in the 65 acres of land formerly owned by Mark Mayberry and which is fully described in the petition, on the ground that she is the only heir of her mother, who was the daughter of Mark Mayberry, there being only four children of Mark Mayberry living, the others having departed without leaving issue. She avers she did not know that her grandfather left the 65 acres of land until a short time before the commencement of this action; that she did not live in the community where the land was situated and had no reasonable means of learning of her rights in the property until about the time of the commencement of this acion.

By answer Bradshaw pleaded adverse possession. Issue being joined appellant, Hester Quarels, undertook to prove that she was born on March 14th, 1885, and that less than fifteen years had elapsed between the time she became twenty-one years of age and the commencement of the action, and therefore she was not barred by the statutes of limitation. This is her theory of the case. Most of the evidence was directed to proving the age of appellant. She produced an old Bible, which it is alleged was the property of her grandfather, Mark Mayberry, in which there is a record of the birth of her mother, Alice Mayberry, and also of appellant, Hester Graves, which supports her contention that she was born on March 14, 1885. Some of the members of her family support her in this by vague and uncertain evidence. No one seems to know exactly the date of her birth. Her father, Albert Graves, testified she was born on the 14th of March, 1885, but he was unable to give the date of the birth of any of his other nine or ten children,

and finally admitted that he did not know the date of the birth of his daughter Hester. An examination of the original record found in the Bible alleged to have been the property of Mark Mayberry is sufficient to convince one that it is not authentic and that it was prepared with a fixed purpose of influencing this litigation. It is therefore very uncertain as to when appellant, Hester Quarles, was born.

We attach but little importance to this, however, for we are of opinion that the rule of law for which appellant contends with respect to limitation has no application to the facts before us. If she was born as she contends on the 13th of March, 1885, she became twenty-one (21) on March 14, 1906. Her grandfather who owned the land did not die until about 1890, and the land was sold by four of his children some time after that, presumably within a year or so. The statutes of limitation began to run as soon as Hamon took possession of the land under his deed from the children of Mayberry, and if his deed was dated about 1895 the statutes ripened his title in 1910. Appellant's theory is that the statutes did not begin to run against her until she became twenty-one. In this she is in error. The children of Mayberry who made the deed as well as all of his children at the time of the making of the deed were adults and the statutes started running against them as soon as Hamon took charge of the land. It began to run against appellant at the same moment, and having started to run it continued to do so until it barred the right of appellant as well as the other heirs of Mayberry. If she be given the benefit of the most liberal construction of our statutes, section 2506, and three years be added after she arrived at her majority in which to commence her action to recover the lands, she was still too late. Her disability was removed about the year 1906. If we add three years to that period we have 1909, when the statutes of limitation completely barred her cause if she be given the most liberal construction of the statutes for which she can contend. As she did not bring her action until 1920 her rights were at that time barred and tolled.

One joint tenant is generally held to possess the lands for the use and benefit of all his co-tenants, but there are exceptions to this rule. Ordinarily the exclusive possession of one joint tenant will not work a disseizin of his fellows until actual notice of his purpose to hold it in severalty is brought home to them; but if his holding is

under a general warranty deed of record for the whole estate, and is also open, adverse and exclusive, it will amount to a disseizin which time will ripen into title. May, et al. v. C. & O. Ry. Co., 184 Ky. 493.

Had all the children of Mayberry been laboring under disability at the time Hamon took charge of the land the statutes would not have started running until the youngest heir had become free from disability. May, et al. v. C. & O. Ry. Co., *supra;* Patterson, etc. v. Hansel, etc., 4 Bush 654.

Where the statutes start running against joint owners, as it does in every case where any one or more of them are free from disability, it runs against all, even those under disability. Moore v. Calbert, 6 Bush 356.

Manifestly the court did not err in decreeing appellee, Bradshaw, the owner of the land in controversy, and dismissing appellant's petition.

Judgment affirmed.