### Amyx v. Fetter, et al.

(Decided March 28, 1924.)

#### Appeal from Morgan Circuit Court.

Tenancy in Common—Transfer by Cotenant Held to Constitute Adverse Claim.—Transfers of the whole legal title to property by a tenant in common and another, and recordation of deeds, held notice of an adverse claim, and together with possession thereafter to ripen into title at the end of the statutory period.

McGUIRE & McGUIRE, S. M. NICKELL and ARNETT & PRATER for appellant.

W. M. GARDNER, HAGER & STEWART and C. M. COOPER for appellees.

Opinion of the Court by Judge McCandless—Affirming.

S. M. Amyx died about the year 1878, the owner of a number of tracts of land in Johnson, Morgan and Magoffin counties. The deceased had by title bond sold and contracted to convey a certain body of land known as the "Penick" tract, and after his death, the administrator of his estate, J. B. Amyx, brought suit to collect a purchase money note due therefor, and a decree was had enforcing his lien.

At the decretal sale the land was purchased by J. B. Amyx and his attorney J. E. Cooper, and a deed reciting the payment of the purchase money was executed to them by the master commissioner in May, 1884. On February 22, 1887, the heirs of M. J. Amyx, to-wit: J. B. Amyx and his two sisters and their respective spouses, united in a deed to William Cooley of Binghampton, N. Y., of "all the unsold and unconveyed balance of all the land owned by M. J. Amyx at the time of his death, except and reserving the home farm and such lands as has been conveyed."

Neither party was satisfied with the above description of the property conveyed, and later, in 1896, an elaborate deed was drawn describing about 75 tracts of land as sold, and specifically excluding a number of tracts from the boundaries so conveyed. The last clause reads:

"If the foregoing tracts of land include any of the same there (whereby) is hereby excluded therefrom the M. J. Amyx home farm and all such land as has been conveyed prior to the 22nd day of February, 1887.

"Also the tract known as the Gilbert Penick tract of land on Paint creek, Morgan county, Kentucky, containing about three hundred acres of land."

As recorded in Johnson county, the sentence beginning with the word "also" constitutes a separate paragraph as above indicated.

The same deed was recorded in Morgan county, but as there recorded the last sentence does not constitute a separate paragraph but is preceded by a comma, although the word "also" begins with a capital "A." The original deed was not introduced in evidence.

In this suit J. B. Amyx seeks to recover one-half of the Penick lands from the Mrs. John C. C. Mayo Company, which company claims paper title thereto through a number of mesne conveyances running back to William Cooley and J. E. Cooper. C. M. Cooper is alleged to have some claim to the property and is made a party appellant.

The issues are, first, was the reference to this tract of land in the deed to Cooley a conveyance or exclusion? Second, if an exclusion has the Mayo estate acquired title by adverse possession? Both sides introduced evidence on the first point without objection and in their briefs counsel have discussed the language quoted in the deed with skill and ingenuity. The heirs only undertook to sell the unconveyed balance of the lands belonging to the estate of their father at his death, aside from his home place; he had executed a title bond for the sale of this tract; the lien thereon had been enforced; the land had been purchased by J. B. Amyx and J. E. Cooper; the consideration had been paid by them and deed made to them prior to the time of the sale to Cooley, all of which are circumstances that indicate an exclusion rather than a conveyance of this property. The place in the deed to which reference to this tract is made; the omission of any reference to its boundaries, together with its connection with the home farm, and the fact that the deed was drawn by testator's attorney tend to strengthen this impression.

On the other hand, there is proof and circumstantial evidence to the contrary; but if we assume the language quoted to be intended as an exclusion a still more serious question is presented by the claim of adverse possession.

Appellees' evidence is that William Cooley by deed regularly executed, acknowledged and recorded conveyed a one-half interest in the Penick tract to Terman Isaacs on the 28th day of January, 1903. Terman Isaacs and Joe Cole conveyed this to John C. C. Mayo on the 18th of April, 1903. On the 21st day of May, 1903, J. E. Cooper deeded his one-half interest to C. M. Cooper and on the 25th day of May, 1903, C. M. Cooper conveyed the same interest to John C. C. Mayo. All of these instruments were recorded at the time, and since then the Mayos have been claiming paper title to the entire tract. At the time C. M. Cooper conveyed his interest to John C. C. Mayo the latter executed a title bond to C. M. Cooper

agreeing to reconvey to him the one-half interest therein upon the payment to Mayo of $450.00, the consideration paid to him for the conveyance. Since the execution of the deed to Mayo he and C. M. Cooper have had tenants in the continuous actual possession of the land; have been claiming it and paying taxes thereon and exercising exclusive ownership thereof.

Prior to the Mayo purchase one Asa Blair was a tenant on the land and there is some controversy as to whether he was a tenant of J. E. Cooper and J. B. Amyx or of J. E. Cooper and William Cooley. In this respect it is shown that Joe Cole was acting as agent for William Cooley at the time of the execution of the second deed in 1897 and so continued until the purchase of the land by Terman Isaacs in 1903.

Asa Blair testifies that he went in under J. E. Cooper and Joe Cole, and there is much other evidence indicating that Cooley was exercising ownership and claiming a one-half interest therein under the Amyx deed. However that may be, at the time of Mayo's purchase he and C. M. Cooper assumed full control of the property. Some complaint was made to Mayo in reference to Asa Blair, and he at once put Blair off the property, and together with C. M. Cooper put in a second tenant, and the property has not since been vacant.

J. B. Amyx lived in a different part of the county and did not even visit the land. He says that he had an agreement with his co-tenant, Judge J. E. Cooper, who is now dead, to the effect that Cooper would look after the land and pay the taxes thereon, and that he relied on this. He further states that some years ago he employed an attorney to take action in the matter, but the attorney was elected to the office of circuit judge and that he (Amyx) was taken sick and unable to look after the business for seven or eight years. He admits that he has paid no taxes on the land and took no interest in it, though in the year 1920 his present attorney listed it and paid taxes thereon. His argument is that he and J. E. Cooper were joint tenants; that C. M. Cooper by virtue of his purchase became a tenant in common with him, and whatever possession C. M. Cooper had redounded to his benefit and was not an adverse claim against him; that indeed the transaction between Cooper and Mayo, though in form a conveyance of the title, was in reality but the execution of a mortgage and did not change the status of Cooper as a co-tenant. We are unable to con-

cur in this reasoning. As between Mayo and Cooper the transactions appear to have been a loan and mortgage, but it cannot be questioned that the out and out conveyance of the entire legal title to Mayo by both Cooper and Isaacs was a renunciation by Cooper of any claim upon the part of Amyx, and the recordation of those deeds by Mayo was notice to everyone that he was claiming the legal title to all of it, and the subsequent conduct of him and Cooper in maintaining possession of the land through tenants, paying taxes thereon and exercising all acts of ownership was open, notorious and hostile. This constituted an adverse holding, and having continued for the statutory period ripened into title.

The judgment of the lower court conforms to these views and it is now affirmed.