## Settle, et al. v. Simpson, et al.

(Decided September 26, 1924.)

### Appeal from Jackson Circuit Court.

1. Ejectment—Plaintiffs Must Prove Title in Themselves.—Plaintiffs in ejectment must establish their right to complain of defendants' possession by first proving title in themselves.

2. Dower—In Absence of Election. Widow Presumed to have Elected to Take Estate Most Beneficial to Her.—Widow could not take both dower and homestead, and in absence of election it is presumed, after lapse of reasonable length of time, that she elected to

take homestead when most beneficial to her, especially where she took possession of and conveyed entire property.

3. Homestead—Sale of Homestead by Widow, Though Passing no Title, Constituted Abandonment.—Fee simple deed by widow having homestead in land, while passing no title to the grantee, constituted abandonment by her of homestead.

4. Adverse Possession—Owners of Fee, on Abandonment by Widow of Homestead, were Entitled to Immediate Possession, and Widow's Grantee Held Adversely.—Where widow abandoned and forfeited her homestead in land by conveying it in fee, owners of fee were entitled to immediate possession, so that grantee and those claiming under him became adverse holders from time of taking possession; the instrument of itself being sufficient to show nature and extent of possession.

5. Limitation of Actions—Where Some Owners in Fee were Sui Juris, Statute Ran as to All.—Where, on abandonment of homestead by widow by sale of land in fee, some of her children or grandchildren, then entitled to immediate possession, were sui juris, statute of limitations then began to run against all, though some were infants and some under disability of coverture.

J. R. LLEWELLYN for appellants.

BEGELY & MOORE for appellees.

OPINION OF THE COURT BY JUDGE O'NEAL—Affirming.

This action in ejectment was instituted October 13, 1919, by the appellants as the sole heirs of W. W. Settle, who died intestate in 1889. In their petition appellants allege that as such heirs they were the owners by inheritance of a certain tract of land in Jackson county, Kentucky, title to which was in their ancestor at the time of his death, but which was then being unlawfully held and claimed by the named defendants. Each of the appellees herein as a defendant in the lower court filed a separate answer denying appellant's title and affirmatively alleging title in himself in a described parcel of the land which he claimed both by more than fifteen years' adverse possession and by paper title deducible from the Commonwealth. These allegations were denied, proof was taken, and upon the submission the chancellor dismissed the petition and adjudged each of the appellees to be the owner of the parcel of land claimed and described in their respective answers, which comprised all of the land claimed by the appellants. From that judgment appellants prosecute this appeal:

This being an action in ejectment, it was incumbent upon the appellants as plaintiffs to establish their right

to complain of appellees' possession first by proving title in themselves.

Payne, et al. v. Edwards, et al., 188 Ky. 302. This they wholly failed to do as a consideration of the facts will demonstrate. Whether they did so or not is the only question involved upon this appeal since, in the absence of such proof, their rights are in no way prejudiced or affected by that part of the judgment awarding the land to appellees.

It is conceded by all parties that W. W. Settle owned the land in dispute at the time of his death. Appellants are his children and grandchildren and claim to have inherited the land from him, and he is likewise the common source of all the paper titles involved in this action. The land involved was his "home place," and he and his wife, Sarah, lived upon it for many years prior to and at the time of their separation. For some undisclosed reason they became estranged and, while they were not divorced, he abandoned her, left Kentucky and went to live with one of their sons in Nebraska, leaving her in full possession of the place, which she continued to occupy, cultivate and control as her own. Settle never returned to Kentucky, but died in Nebraska August 2, 1899, and, while the record does not definitely show that he died intestate, appellants contend that he did, and we shall assume for the purposes of this opinion that he did so die.

Apparently there were no claims against his estate and he owned no property other than the tract of land involved in this action. Upon his death, intestate, title to his real property immediately vested in his widow and children. In consisted of something over one hundred acres and its value at that time is conclusively shown to have been much less than $1,000.00, or even half that amount. His widow had the right to elect whether she would take dower or homestead and have her choice assigned or allotted to her; appellants, likewise, had an equal right to require her to make such election within a reasonable time. She could not take both dower and homestead, and in the absence of an election upon her part it is conclusively presumed after the lapse of a reasonable length of time that she elected to take that estate which was most beneficial to her. Anderson, et al. v. Sanders, 193 Ky. 364, 236 S. W. 561; Campbell, et al. v. Whisman, et al., 183 Ky. 256, 209 S. W. 27; Carver v. Elmore, et al., 147 Ky. 521, 144 S. W. 1062.

Appellants contend that she elected to take dower, but the record does not bear out this contention. The only evidence offered on this subject is the testimony of one or two witnesses who say that she stated to them that she wanted to or had sold her dower interest in the land. On the other hand, it is shown that neither she nor any of the appellants, most of whom lived nearby, ever sought to have dower assigned to her. Moreover, if she, in fact, elected to take dower it would have entitled her to but one-third of the land for life; yet it is undisputed that she continued to occupy, manage and control the entire property from the date of her husband's death for a period of some four years and up until September 6, 1893, upon which date she undertook for a valuable consideration to convey the entire tract to one Beatty McQueen by executing to him a fee simple deed containing a covenant of general warranty and a detailed description of the premises. McQueen forthwith recorded his deed and took possession under color of title thus acquired, and he and his vendees, appellees' predecessors in title, openly, notoriously, peaceably and adversely held and claimed the fee to the clearly marked boundaries described in the deed.

In the light of these circumstances, and in view of the further fact that Mrs. Settle's homestead right was far more beneficial to her than her dower interest would have been, the value of the land being less than $1,000.00, we are constrained to hold that she elected to and did take homestead and not dower. It follows, therefore, that her deed to McQueen, while passing no title to him, constituted abandonment by her of her homestead. Anderson, et al v. Sanders, *supra;* Boggess v. Johnston, 158 Ky. 418, 165 S. W. 413; Love v. McCandless, 157 Ky. 352, 163 S. W. 197.

Upon the widow's thus abandoning and forfeiting her homestead, the appellants, as owners of the fee, were entitled to immediate possession, so that McQueen and those holding under him became adverse holders from the time he took possession. Limitation began to run from the date of their entry under the void deed, which instrument under the decisions of this court was sufficient in and of itself to show the nature and extent of their possession. Big Sandy Co. v. Ramey, 162 Ky. 236, 172 S. W. 508.

McQueen having taken possession in 1893 and he and his successors having continuously held same openly, notoriously, adversely and peaceably until the institution of this action in 1919, their possession ripened into title by the 15-year statute of limitation. But it is contended that the statute did not run against any of the appellants because some of them are infants and others are married women under the disability of coverture, and it is argued that the running of the statute is stayed as to all of the appellants until all of them are free from disability. The record shows, however, that in 1893 when the right cf entry descended to the appellants a number of them were *sui juris,* and under the rule prevailing in this jurisdiction this fact started the statute running as to all of the appellants. In the case of May, et al. v. C. & O. Ry. Co., et al., 184 Ky. 493, 212 S. W. 131, the principle is thus expressed:

" . . . where part of the heirs are of full age and not under disability at the time the right of entry descended to them, the disability of the others does not prevent the statute from running against all." Quarels v. Bradshaw, 200 Ky. 475, 255 S. W. 124; Combs v. Grigsby, et al., 200 Ky. 31, 252 S. W. 111; Henderson, et al. v. Fielder, et al., 185 Ky. 482, 215 S. W. 187.

Under the facts and the law applicable thereto it is manifest that the claim of the appellants is long since barred by the statute of limitation, and the lower court did not err in dismissing the petition. Wherefore, the judgment is affirmed.