## Wilcox, et al. v. Sams, et al.

(Decided March 23, 1926.)

### Appeal from Estill Circuit Court.

1. Adoption—Children Whose Mother had Been Adopted Inherit Through Her and as Grandchildren of Person Adopting Her on Mother's Decease Before that of Person Adopting Her (Ky. Stats., Section 2071).—Where mother had been adopted pursuant to Ky. Stats., section 2071, and had predeceased person adopting her, her children inherited through her and as grandchildren of such person whatever interest their mother would have inherited if she had survived them.

2. Tenancy in Common.—Possession of one tenant in common is presumptively possession of all.

3. Tenancy in Common.—Possession of cotenant, to be adverse, must be such as to bring home to his cotenants notice that he is claiming adversely to them.

4. Tenancy in Common—Required Notice to be Given Cotenants of Adverse Possession by Joint Owner May be Actual or Constructive.—Required notice that joint owner is holding adversely to his cotenants may be actual or constructive, and may be inferred or imputed from acts and conduct of one in actual possession.

5. Tenancy in Common—Heirs of Adopted Child Must Take Notice of Deeds, Executed to Children Born in Wedlock and Recorded After Partition by Appropriate Action, and that Possession was Adverse.—Heirs of adopted child were required to take notice of deeds, executed and recorded to children born in wedlock after partition among them by appropriate action of county court, and fact that they were claiming and holding thereunder adversely.

6. Limitation of Actions.—Ordinarily lack of knowledge of one's rights is insufficient to prevent operation of statutes of limitation.

7. Limitation of Actions—Lack of Knowledge of Heirs of Adopted Child of Their Right of Inheritance is Insufficient to Prevent Operation of Statutes of Limitation, Where Children Born in Wedlock had Done Nothing to Prevent Discovery of Their Right.— Where children born in wedlock had done nothing to prevent discovery by heirs of adopted child of their right of inheritance, their lack of knowledge was not sufficient to prevent operation of statutes of limitation.

8. Tenancy in Common—Possession of Children Born in Wedlock, After Partition by Appropriate Action of Deceased Father's Land was Adverse Against Heirs of Adopted Child.—Where children born in wedlock on parent's decease had secured partition of land by appropriate action, possession became adverse as against heirs of adopted child, when land was partitioned among them and they took possession.

9. Limitation of Actions—Statute of Limitations Does Not Run Against Any of Heirs to Whom Right of Entry Descends Who are

all Under Disability at that Time Until Disability is Removed from all (Ky. Stats., Sections 2505, 2506).—Under Ky. Stats., sections 2505, 2506, when right of entry descends to heirs who are all under disability at time right of action accrues, statute of limitation does not begin to run against any of them until disability is removed from all.

10. Limitation of Actions—Disability of Some of Heirs to Whom Right to Entry Descends Does Not Prevent Limitations from Running Against all (Ky. Stats., Sections 2505, 2506).—Where part of heirs to whom right of entry descends are not under disability at such time, disability of others does not prevent statute of limitations (Ky. Stats., sections 2505, 2506) from running against all.

11. Limitation of Actions—Cause of Action was Not Barred by Limitations as to Any of Heirs of Adopted Child, One of Whom at Time of Partition of Estate by Children Born in Wedlock was Covert and has Been Ever Since, Although Disability of Other Heirs has Terminated (Ky. Stats., Sections 2505, 2506).—Where at time of partition of deceased's estate among children born in wedlock, two of heirs of adopted child were infants, who later attained majority, and the other was a covert and has been ever since, statute of limitations (Ky. Stats., sections 2505, 2506), did not run as to any of them so as to bar cause of action to establish heirship.

12. Appeal and Error—Question as to What Portions of Land Plea of Laches is Applicable to Will Not be Determined, Where Parties to Whom Land had Been Conveyed Were Not Made Parties to Action.—In action by heirs of adopted child against children born in wedlock for partition and accounting, brought 23 years after partition by children born in wedlock, where none of those to whom large parts of land had been conveyed were made parties, so that it would be impossible to determine as to what portions plea of laches would be applicable, question will not be considered.

JOHN W. WALKER and EDWIN E. RICE for appellants.

RIDDELL & SHUMATE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE— Reversing.

Appellants, Rosa Lee Wilcox, Fannie May Clowers and Samuel Hall are children and heirs at law of Nannie Belle Hall, who died intestate in 1895. Appellees, Robert R. Sams, Cleveland Sams and the children of Naomi Allen are children and grandchildren of John Sams, who died intestate in 1897, the owner and in possession of a large body of land located in Estill county, and variously estimated to contain from 500 to 900 acres.

John Sams' widow died June 15, 1901, and shortly thereafter his land was partitioned among his three chil-

dren, Robert, Cleveland and Naomi, by appropriate action in the Estill county court. Deeds were accordingly executed to them by the court's commissioner and recorded. Each party took possession of the tract so allotted to him and by himself or his heirs or grantees has remained in the open, notorious and continuous adverse possession of same ever since.

On August 17, 1920, appellants filed this action against appellees for partition of John Sams' land and an accounting for rents, waste, etc., since his death. alleging the adoption of their mother, Nannie Belle Hall, by him in 1879 as his heir pursuant to section 2071 of the statutes. While the adoption was denied by appellees in their answer, it is matter of record and was admitted upon the trial below as it is here. As Mrs. Hall died before Sams it follows that her children inherited through her and as his grandchildren the undivided one-fourth interest in his land that she would have inherited if she had survived him. Power v. Hafley, 85 Ky. 671, 4 S. W. 683.

The principal question in issue therefore is whether the right of appellants to claim and recover their respective interests in the land was barred by the fifteen years statute of limitation when this action was instituted in 1920 as appellees pleaded and the chancellor held.

Appellants and appellees unquestionably became joint owners of Sams' land upon his death and the rule is thoroughly established by the many cases cited in support thereof by counsel for appellants that the possession of one joint owner is presumptively the possession of all and that to oust his cotenants his possession must not only be of the adverse character required by law as against strangers, but such as to bring home to his cotenants notice that he is holding and claiming adversely to them. The more recent of such cases which cite most if not all the earlier ones are: Johnson v. Myer, et al., 168 Ky. 430, 182 S. W. 190; Winchester v. Watson, 169 Ky. 213, 183 S. W. 483; Rush v. Cornett, 169 Ky. 714, 185 S. W. 88; Collins v. Blaine, 198 S. W. 541, 178 Ky. 120; Sullivan v. Sullivan, 179 Ky. 686, 201 S. W. 24; War Fork Land Co. v. Marcum, 180 Ky. 352, 202 S. W. 668; Miller v. Powers, 184 Ky. 417, 212 S. W. 453; May v. C. & O. R. R. Co., 184 Ky. 493, 212 S. W. 131; Bailey's Widow and Heirs v. See, 187 Ky. 596, 219 S. W. 1061; Gilbert v. Carter, 189 Ky. 476, 225 S. W. 143; Strong v. Ky. River

Hardwood Co., 189 Ky. 529, 225 S. W. 358. These cases, however, do not sustain the further contention of appellants that this notice must be actual although in some of them the word actual is employed in stating the rule, since it is well settled not only by the above cases but more particularly those in which the precise question was involved that the required notice may be actual or constructive and may be inferred or imputed from the acts and conduct of the one in actual possession. Gillaspie v. Osborn, 3 A. K. Marshall 78, 13 Am. D. 136; Gill v. Faunteleroy's Heirs, 8 B. Monroe 177; Russell's Heir's v. Mark's Heirs, 3 Metc. 37; Greenhill v. Biggs, 85 Ky. 155, 2 S. W. 774; Big Sandy Co. v. Ramey, 162 Ky. 236, 172 S. W. 508; Rush v. Cornett, 169 Ky. 714, 185 S. W. 88; May v. C. & O. R. R. Co., 184 Ky. 493, 212 S. W. 131; Quarles v. Bradshaw, 200 Ky. 475, 255 S. W. 124; Settle v. Simpson, 204 Ky. 470, 264 S. W. 1092.

In the case at bar the partition was effected by court proceedings in which Sams' children asserted complete and exclusive ownership, and appellants were required to take notice of the deeds executed and recorded in pursuance thereof conveying to Sams' three children born in wedlock absolute title to the shares allotted to them in that proceeding and the fact that they, their heirs and grantees were claiming and holding thereunder adversely to appellants and all others as was expressly held in May v. C. & O. R. R. Co., Quarles v. Bradshaw, Settle v. Simpson and several others of the cases, *supra*. That they were holding their respective tracts adversely to appellants, each other and every one else and that appellants were not only chargeable with knowledge of that fact after the execution and recordation of the deeds of partition but had actual knowledge thereof is thoroughly established. Indeed such knowledge is not really denied by appellants whose insistence is rather that appellees' known occupancy although exclusive and apparently adverse was not so in fact or at law because of their ignorance until shortly before they instituted this action of the adoption of their mother by Sams and their consequent rights as his heirs, although the adoption was evidenced by the public records of the county where the land was located and the parties resided and was known to some at least of Sams' intimates and neighbors who are still living. The fallacy of this argument is patent.

While a lack of knowledge of one's rights is often if not always an important consideration upon the question

of laches, it ordinarily is insufficient to prevent the operation of statutes of limitation. This is particularly true where as here nothing was done by appellees to prevent discovery by appellants of their right of inheritance, which being matter of public record could and should have been discovered by the exercise of any kind of diligence upon the part of appellants, who also knew that Sams had always recognized their mother as his natural child and them as his grandchildren. 17 R. C. L. 832; 37 C. J. 969; Reuff-Griffin Decorating Co. v. Wilkes, 173 Ky. 566, 191 S. W. 443.

It follows that appellees' possession became adverse and appellants' cause of action against them accrued when the land was partitioned among the former and they took possession of the tracts so allotted and conveyed to them. The exact date of this is not ascertainable from the record before us as appellants have not brought up the partition proceedings and deeds although the record shows they were filed as exhibits with defendants' depositions. This occurred, however, in 1901, 2 or 3 and the exact date is immaterial since during all that time appellants, Clowers and Hall, were infants and Mrs. Wilcox a married woman, she having married November 30, 1899, at 17 years of age.

Hence whether appellants' cause of action was barred when filed in 1920 by the 15 year statute of limitation (section 2505) depends upon how long its operation was suspended by section 2506 of the statutes, which provides:

"If, at the time the right of any person to bring an action for the recovery of real property first accrued, such person was an infant, married woman, or of unsound mind, then such person, or the person claiming through him may, though the period of fifteen years has expired, bring the action within three years after the time such disability is removed."

Construing these sections and their somewhat similar predecessors the rule has long been established and consistently followed in this state that when the right of entry descends to heirs who are all under disability at the time their right of action accrues the limitation does not begin to run against any of them until the disability is removed from all. But if part of them are not then under disability the disability of the others does not prevent the statute from running against all. Moore v. Calvert,

6 Bush 356; May v. C. & O. R. R. Co., *supra;* Henderson v. Fielder, 185 Ky. 482, 215 S. W. 187; Combs v. Grigsby, 200 Ky. 31, 252 S. W. 111; Quarles v. Bradshaw and Settle v. Simpson, *supra.*

The disability of infancy, under which alone Samuel Hall and Mrs. Clowers were laboring when the cause of action accrued, was removed in 1904 and 1909 respectively, but Mrs. Wilcox, although she became of age in 1903, still is and at all times has been a covert just as she was when the cause first accrued. Hence under the above rule the action was not barred as to any of them.

The subject of laches is discussed generally and at length in appellants' brief, but none of those to whom large parts of the land have been conveyed is a party to this action and in the present state of the record it is impossible to ascertain what portions thereof are still in appellees' possession or to which if any the plea of laches is directed or applicable. Hence that question is not now considered and nothing herein is to be construed as affecting such land or the rights of any party in or to or growing out of same or as indicative of how the right of appellants or appellees in the remaining lands are affected thereby if at all.

Wherefore, the judgment is reversed solely upon the question of limitations and the cause remanded for any and such proceedings as are necessary to an equitable adjustment of the rights of appellants and appellees, and other interested parties in and to the lands here involved.