## Hardin, et al. v. Swinney, et al.

(Decided May 28, 1926.)

### Appeal from Pike Circuit Court.

1. Tenancy in Common—Recording of Warranty Deed by Cotenant to Stranger Held to Set 15-Year Statute of Limitations Running Against Another Cotenant.—Recording of warranty deed by cotenant to stranger held notice to another cotenant of adverse holding of grantee in possession, and to set 15-year statute of limitations running, notwithstanding actual notice of such holding was not given.

2. Limitation of Actions—Running of 15-Year Statute of Limitations Against One Cotenant After Conveyance at Instance of the Other Held Not Interrupted by Former's Death, Though his Descendants were Then Under Disability.—Where recording of commissioner's deed, given after sale in settling estate of one to whom cotenant

had given bond for title, set 15-year statute of limitations running against the other cotenant, its running held not interrupted by latter's death, though his descendants were then under disability.

FRANK W. STOWERS for appellants.

CLINE & STEELE and PICKLESIMER & STEELE for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

On April 6, 1860, a patent to certain land in Pike county was issued by the Commonwealth of Kentucky to Hiram and Cobb Cantrill, who were brothers. The land covered by this patent comprised 400 acres and was located on Jackson and Little branches of Elkhorn creek, there being a ridge between the two branches. Shortly after this patent was issued, Cobb Cantrill removed to West Virginia, in which state he resided until his death in 1895. It does not appear from the record that he ever visited the neighborhood of the lands covered by this patent after he removed to West Virginia except possibly once early in 1860, nor did his descendants, who are the appellants here, ever do so until shortly before this suit was filed. Hiram Cantrill took possession of the property covered by the patent soon after it was issued, paid taxes upon it, cultivated portions of it, and it was generally known in that neighborhood as his land until he conveyed it away. It is suggested that the reason Cobb Cantrill never paid any attention to this property was because his name had been inserted in the survey and patent by a mistake of the surveyor and that he never considered that he owned any part of this land. This the appellants strenuously deny.

On the 24th day of January, 1873, Hiram Cantrill, by deed of general warranty, conveyed to Pleasant Bartley in fee simple all that portion of the patent which lies on the Jackson branch side of the ridge, containing 200 acres, more or less. Record title to these 200 acres is deraigned by part of the appellees herein through mesne conveyances and leases back to this Bartley deed. When Bartley and these mesne grantees procured their respective deeds, they entered into the possession of the land covered by their respective deeds, claiming it to the boundaries set out in such deeds, and so held it until they conveyed it away to their grantees, and so the mentioned appellees now hold it.

On the 24th of June, 1872, the land included in this patent on the Little branch side of the ridge comprising the remaining 200 acres was sold in an action brought to settle the estate of John Adams, deceased, to whom Hiram Cantrill had given a bond for title to such land. It was so sold to John H. May, Loving Childers and John Slone, but a deed was not made to them by the commissioners nor recorded until the 20th day of October, 1887. In the same manner as above set out with reference to the 200 acres on the Jackson branch side of the ridge, these 200 acres on the Little branch side have come into the possession of the remaining appellees, who hold the record title by mesne conveyances from this commissioners' deed. The taxes on the various parts of this patent have been paid from time to time by those who held the record title to such respective parts.

When Cobb Cantrill died in 1895 he left surviving him a number of children, who are the appellants herein, three of whom were under disability at the time of his death, and two of whom died thereafter, themselves leaving children, who are also appellants herein. On September 10, 1917, these descendants of Cobb Cantrill brought this suit to establish their title to an undivided one-half interest in and to the land covered by the patent in question, and they made defendants all those who were claiming a record title to the various portions of this patent as above indicated. The main defense of these defendants, now appellees, was that they had acquired title to the land in question by adverse possession and that the plaintiffs, now appellants, and their ancestor were barred by the fifteen year statute of limitations from bringing the action. The trial court so adjudging, the petition of the appellants was dismissed and they appeal.

It is insisted that the lower court erred in holding as it did, because Hiram Cantrill and Cobb Cantrill were tenants in common and the character of the possession of Hiram Cantrill and those who claimed under him was not such as to set the statute of limitations running. It is contended that for one cotenant to acquire title as against the other cotenant, either he must give actual notice to his cotenant of his repudiation of the latter's title or the character of his occupancy must be such as to apprise a reasonably prudent person that he intends to hold the land adversely, and notice of such occupancy must come to the wronged cotenant.

In Wilcox v. Sams, 213 Ky. 696, 281 S. W. 832, it was pointed out that although some of the cases involving this proposition used the word "actual" in connection with the notice which a cotenant must have, yet it is well settled, not only by those cases, but more particularly by those in which the precise question was involved, that the required notice may be actual or constructive and may be inferred or imputed from the acts and conduct of those in actual possession. Further, in the case of May v. C. & O. R. R., 184 Ky. 493, 212 S. W. 131, which in one of its branches is precisely like the case now before us, we held that adverse possession would run against a cotenant if the claimant held "the estate adversely and exclusively under a title of record for the whole in severalty, and thus bring constructive notice to the outstanding cotenants."

We there said that the rule is generally recognized that a recorded deed by a cotenant to a stranger or to another cotenant for the entire tract is notice to all other cotenants of an adverse holding by the grantee in possession. In support thereof we quoted numerous authorities from other states, and a passage from Freeman's work on Cotenancy, and also the case of Larman v. Huey's Heirs, 13 B. Mon. 436. This rule, so applied in the May case, was followed in the two very recent cases of Quarels v. Bradshaw, 200 Ky. 475, 255 S. W. 124, and Amyx v. Fetter, 203 Ky. 248, 262 S. W. 251.

Considering the facts of this case in the light of these cited cases, we find that, so far as the Jackson branch side of this patent is concerned, Hiram Cantrill gave a deed to it in severalty in 1873, which was then recorded. The grantee entered under the deed claiming to the extent of his boundaries and held such land adversely, and the various subsequent grantees have so held it. Under the rule of the May case, it follows that as to this Jackson branch side the statute of limitations was set running 1873, although actual notice of such holding was never brought home to Cobb Cantrill. He being then alive and under no disability, title by adverse possession ripened as against him long before his death.

As to the Little branch side, the same observations in the main apply. It is true that the commissioners' deed was not recorded until 1887. Whether or not the adverse occupancy of the land prior to that time by the grantees without their deed being recorded or actual notice to Cobb Cantrill of such occupancy had set the

statute running, we need not inquire, because the statute was at least set to running in 1887 by the recording of the deed and the continued adverse occupancy of the land before Cobb Cantrill's death, and having been so set, its running was not interrupted by his death, although his descendants were then under disability. Henderson v. Fielder, 185 Ky. 482, 215 S. W. 187. It therefore is apparent that the fifteen year statute had run as to both portions of this 400-acre patent long before this suit was brought and that the court committed no error in dismissing the appellants' petition and quieting the titles of appellees.

Judgment affirmed.