RENDERED: OCTOBER 21, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0664-MR

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT                                      APPELLANT


                   APPEAL FROM JEFFERSON CIRCUIT COURT
v.                    HONORABLE OLU A. STEVENS, JUDGE
                       ACTION NO. 20-CI-004304


MARK HANDY                                             APPELLEE


OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

ACREE, JUDGE: Appellant, Louisville/Jefferson County Metro Government
(Metro), appeals the Jefferson Circuit Court's order dismissing Metro's indemnity
claim under to KRS[1] 65.2005(3)(a) against Appellee, Mark Handy, as being barred

---

[1] Kentucky Revised Statutes.

by the applicable statute of limitations. *See* KRS 413.120(6). Having reviewed the record, we vacate and remand for further proceedings consistent with this Opinion.

## BACKGROUND

On September 28, 1993, Percy Phillips murdered Brenda Whitfield while she worked her shift at a Chevron gas station. In the resulting homicide investigation, Appellee served as lead detective. During his investigation, Appellee made several notable errors that led to a jury verdict convicting the wrong individual, Edwin Chandler, for Whitfield's murder.

Of the errors relevant here, first, Appellee mistakenly erased surveillance footage of the murder, which also showed the murderer. Second, Appellee mischaracterized and misrepresented information he obtained in eyewitness interviews to fabricate a strong case against Chandler. Metro claims, at the time, it had no knowledge of Handy's misdeeds. However, Handy's mistakes did not end here.

Edwin Chandler became a suspect shortly after Whitfield's murder, and Handy brought Chandler in for an interview. It is now known that, during this interview, Handy fed Chandler information not known to the public, and Chandler unwittingly referenced this information during his interview. Handy used this as a basis to claim Chandler knew information about Whitfield's murder unknown to

the general public. On October 8, 1993, law enforcement arrested Chandler for the murder based on his interview.

During Chandler's trial, Handy testified he had not fed information to Chandler, and that Chandler offered this information of his own accord. At trial, Handy went even so far as saying Chandler gave him details about the murder of which even law enforcement was unaware before Chandler's interview. Because of this false testimony, the jury convicted Chandler of first-degree robbery and second-degree manslaughter. The judge sentenced Chandler to thirty years in prison, but he was paroled after serving nine years.

In 2008, the Louisville Metro Police Department obtained new information about the murder which eventually led to law enforcement to conclude the murderer was not Chandler, but Percy Phillips. The circuit court vacated Chandler's conviction and sentence on October 13, 2009, and, on the same day, prosecutors sought the indictment of Percy Phillips for the crime.

Subsequently, Chandler filed a civil lawsuit against Metro and Appellee. In this lawsuit, Chandler alleged Handy fed him information and lied about this under oath multiple times, including during Chandler's original trial and the grand jury proceedings that preceded it. Handy further stated in a deposition he did not lie under oath – which itself was perjury. The merits of this case were never decided because Metro settled Chandler's claim for $8.5 million.

Then, on September 26, 2018, a grand jury indicted Handy for one count of perjury, and in June 2020, Handy pleaded guilty, though he subsequently withdrew this plea. Nevertheless, on July 23, 2020, Metro filed this suit against Handy under KRS 65.2005(3)(a) seeking indemnification for the $8.5 million settlement. Handy moved to dismiss Metro's complaint as being timed barred under the applicable statute of limitations, KRS 413.120(6).

The circuit court agreed with Handy's position, and stated as follows: "[T]he applicable five-year statute of limitations began to run in 2012 when Louisville Metro settled Mr. Chandler's claim. That is when Louisville Metro had knowledge of Handy's *potential liability*." (Record (R.) at 212) (emphasis added). The circuit court granted Handy's motion to dismiss pursuant to CR[2] 12.02.

This appeal follows.

Appellate courts review CR 12.02(f) motions to dismiss *de novo*. *Hardin v. Jefferson Cnty. Bd. of Educ.*, 558 S.W.3d 1, 5 (Ky. App. 2018). The purpose of CR 12.02(f) is to test the sufficiency of the complaint, *id.* (citing *Pike v. George*, 434 S.W.2d 626, 627 (Ky. 1968)), granting the motion only if "it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *James v. Wilson*, 95 S.W.3d 875, 883 (Ky. App. 2002). When making this determination, CR 12.02(f) requires us to accept as

---

[2] Kentucky Rules of Civil Procedure.

true the plaintiff's factual allegations and draw all reasonable inferences in the plaintiff's favor. *Pike*, 434 S.W.2d at 627.

If a case is barred by the statute of limitations, then it is ripe for CR 12.02 dismissal as the complaint fails to state a claim upon which relief may be granted. "Ordinarily, lack of knowledge of one's rights is insufficient to prevent operation of statutes of limitation." *Wilson v. Paine*, 288 S.W.3d 284, 286 (Ky. 2009) (citing *Wilcox v. Sams*, 213 Ky. 696, 281 S.W. 832 (1926)). However, in Kentucky, the discovery rule operates to save claims for injuries that were not immediately discoverable when those injuries occurred. *Tomlinson v. Siehl*, 459 S.W.2d 166 (Ky. 1970).

The discovery rule "entails knowledge that a plaintiff has a basis for a claim before the statute of limitations begins to run. The knowledge necessary to trigger the statute is two-pronged. One must know: (1) he has been wronged; and (2) by whom the wrong has been committed." *Wilson*, 288 S.W.3d at 286 (citing *Drake v. B.F. Goodrich Co.*, 782 F.2d 638, 641 (6th Cir. 1986); *Hazel v. General Motors Corp.*, 863 F. Supp. 435, 438 (W.D. Ky. 1994) ("Under the 'discovery rule,' a cause of action will not accrue until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, not only that he has been injured but also that his injury may have been caused by the defendant's conduct.")). Accordingly, Kentucky courts referred to the discovery rule as a

"savings" clause or a "second bite at the apple." *Queensway Fin. Holdings Ltd. v. Cotton & Allen, P.S.C.*, 237 S.W.3d 141, 148 (Ky. 2007).

Looking to Metro's pleading, both parties agree the applicable statute of limitations comes from KRS 413.120(6), which serves as a catchall provision. The statute of limitations under KRS 413.120(6) is five years. However, Metro's claim for indemnity derives from KRS 65.2005(3), which, in relevant part states: "if a local government pays any claim or judgment against any employee . . . it may recover from such employee the amount of such payment and the costs to defend if . . . [t]he employee acted or failed to act because of fraud, malice, or corruption[.]" KRS 65.2005(3)(a). It is clear from this statute that it is designed to benefit local government employees from liability in certain situations, but forecloses extending this protection if and when it is discovered that the claim derived from the employee's wrongdoing.

For example, under KRS 65.2005(3)(b), if a local government settled a claim against an employee and, in the underlying case, the employee acted outside the scope of his employment, then the local government is authorized to seek indemnity against the employee under KRS 65.2005(3)(b). The same is true with KRS 65.2005(3)(a) in instances where government employees act with fraud, malice, or corruption. But the government has no claim until it discovers the fraud, malice, or corruption.

In reviewing the record, the circuit court erred by applying an incorrect meaning to the plain language of KRS 65.2005 – applying KRS 65.2005 as if it allows for indemnification in *all* circumstances where a local government employee may be liable to a third party. More specifically, the circuit court dismissed Metro's complaint as being time barred because in 2012 it had "knowledge of Handy's potential liability" – the potentiality being whether there was evidence of fraud, malice, or corruption.

This was error. KRS 65.2005(3)(a) does not authorize a claim by Metro against Handy for potential liability; Metro only has an indemnification claim against Handy for his known acts of fraud, malice, or corruption. In the circuit court's written order, there is no finding when Metro had knowledge of Handy's fraud, malice, or corruption – there is only a finding of when Metro knew of Handy's *potential* liability, which took the form of the mere *claim* of liability Chandler brought suit to prove but never did, and which Metro denied and defended against. Handy's liability was merely alleged at that point and KRS 65.2005 did not authorize Metro to initiate a claim for Handy's potential liability.

We do not reject the possibility that Metro, in fact, knew Handy engaged in fraud, malice, or corruption when Chandler filed his claim and hid that fact – a circumstance the courts and society would frown upon. But the circuit court did not so find. If, on remand, the circuit court determines Metro knew or

reasonably should have known of Handy's wrongdoing in 2012, then Metro's claim would be time barred under the applicable statute of limitations. If, on the other hand, Metro could not have had knowledge of Handy's perjury until he was indicted in 2018 – when new evidence came to light to support a charge of perjury – then Metro's claim is not time barred within the applicable statute of limitations.

Accordingly, we vacate and remand to the circuit court for proceedings consistent with this Opinion, beginning with a finding of when Metro knew or reasonably should have known of Handy's fraud, malice, or corruption, a necessary element of its cause of action against him for indemnification.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jonathan D. Goldberg
Jan M. West
Prospect, Kentucky

BRIEF FOR APPELLEE:

Michael M. Denbow
Jennifer Henry Jackson
Michael D. Risley
Louisville, Kentucky